**UNITED STATES of America, Appellee,**

v.

**Joseph Robert DEVINS, Appellant.**

No. 80–2023.

United States Court of Appeals, Eighth Circuit.

Submitted April 17, 1981.

Decided April 22, 1981.

Alfred S. Donau, III, Donau, Bolt & Hickle, Tucson, Ariz., for appellant.

J. Whitfield Moody, U. S. Atty., Kansas City, Mo., for appellee.

Before HEANEY, STEPHENSON and McMILLIAN, Circuit Judges.

PER CURIAM.

Joseph R. Devins appeals from the district court's[1] denial of his presentence motion to withdraw a plea of guilty. We affirm the district court.

Devins was charged in a two-count indictment on April 7, 1980. Count I stated that Devins engaged in the business of dealing in firearms without a license, in violation of 18 U.S.C. §§ 922(a)(1), 923. Count II charged the defendant, a convicted felon, with transporting a firearm in interstate commerce in violation of 18 U.S.C. § 922(g)(1).

---

1. The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri, presiding.

On June 9, 1980, which was scheduled to be the first day of trial, the defendant pleaded guilty to Count II based upon the agreement that the government would dismiss the first count. At the change of plea hearing the district court (1) inquired into the terms of the plea bargain; (2) informed Devins of the maximum penalty; (3) inquired of defendant as to the competence and assistance of his counsel; (4) inquired concerning Devins' present state of mind; (5) advised the defendant of his constitutional rights and that his plea was a waiver of those rights; (6) inquired into his understanding of the charge; (7) established that the defendant admitted transporting a firearm in interstate commerce and was a convicted felon; and (8) determined that the change of plea was not due to threats or coercion. Defendant Devins also specifically stated that his counsel had represented him "efficiently and competently."

On June 30, the defendant filed a *pro se* motion to withdraw his guilty plea on the grounds of discovery of new evidence and ineffective representation by counsel. Devins' attorney, James Fluker, filed a motion to withdraw as attorney of record which was granted. Counsel from the Federal Public Defender's Office was appointed.

On October 30, 1980, a hearing was held on Devins' motion. Devins' counsel expressly stated at this hearing that the defendant's allegations against attorney Fluker were withdrawn. The district court denied defendant's motion to withdraw his guilty plea and sentenced the defendant to three years imprisonment. This appeal, brought by Devins' third counsel in these proceedings, followed.

■ A presentence motion to withdraw a guilty plea should be granted where it is "fair and just" to do so. *United States v. Lambros*, 544 F.2d 962, 965 (8th Cir. 1976), *cert. denied*, 430 U.S. 930, 97 S.Ct. 1550, 51 L.Ed.2d 774 (1977); *United States v. Barker*, 514 F.2d 208, 220–22 (D.C.Cir.), *cert.*

*denied*, 421 U.S. 1013, 95 S.Ct. 2420, 44 L.Ed.2d 682 (1975). The burden is upon the defendant to establish grounds for withdrawal and we will reverse only upon a showing that the district court abused its discretion. *United States v. Boyd*, 610 F.2d 521, 524 (8th Cir. 1979), *cert. denied*, 444 U.S. 1089, 100 S.Ct. 1052, 62 L.Ed.2d 777 (1980).

Devins relies on factors listed in *United States v. Barker, supra*, 514 F.2d at 220–22, and asserts that the motion should have been granted because: (1) he has asserted his innocence; (2) he was not satisfied with counsel at the time of the plea; (3) he pleaded guilty in order to obtain time to secure new counsel; (4) the district court failed to comply with Fed.R.Crim.P. 11; (5) he had a swift change of heart after the plea; and (6) the government's case would not be prejudiced by withdrawal.

■ Devins' claims concerning non-compliance with Rule 11 are without merit.[2] The plain wording of Rule 11(c)(2) demonstrates that the district court need not inform the defendant he has the right to counsel if he is already represented by an attorney. Further, in this case, the defendant was fully informed of his rights, including his right to a jury trial. The factual basis for the plea was clearly established, contrary to Devins' contentions. The record shows that Judge Wright complied with Rule 11 in all respects.

■ Devins' assertions that he was not satisfied with counsel and that he pleaded guilty in order to gain time are contrary to his sworn testimony at the June 9 plea hearing. The remaining points urged are not sufficient to demonstrate an abuse of discretion by the trial court in denying the motion. As we have often stated: "Rule 11 proceedings are not an exercise in futility. The plea of guilty is a solemn act not to be disregarded because of belated misgivings about the wisdom of the same." *United*

---

**2.** The Rule 11 issue was not raised before the district court and, in fact, was specifically waived at the October 30 hearing. However, it is our duty to review compliance with Rule 11 without regard to whether it was presented to the district court. *United States v. Bradin*, 535 F.2d 1039, 1040 (8th Cir. 1976).

*States v. Lambros, supra,* 544 F.2d at 965 (quoting *United States v. Woosley,* 440 F.2d 1280, 1281 (8th Cir. 1971)).

The record demonstrates that the defendant was given a full hearing on his claim and it is abundantly clear that the district court did not abuse its discretion in denying defendant's motion to withdraw his guilty plea.

Affirmed.