UNITED STATES of America, Appellee,

v.

**Vincent C. PICONE, Appellant.**
**(Two Cases).**

Nos. 85–1274, 85–1335.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 10, 1985.
Decided Sept. 19, 1985.

---

Lawrence H. Pelofsky, Kansas City, Mo., for appellant.

Linda Betzer, Kansas City, Mo., for appellee.

Before LAY, Chief Judge, HENLEY, Senior Circuit Judge, and WOLLMAN, Circuit Judge.

### PER CURIAM.

Vincent C. Picone appeals from the denial by the United States District Court for the Western District of Missouri[1] of his motion to withdraw his plea of guilty to mail fraud and attempted income tax evasion. We affirm.

Picone was charged in three separate indictments with one count of attempted income tax evasion, in violation of 26 U.S.C. § 7201, two counts of using the United States mail in connection with insurance fraud schemes involving arson, in violation of 18 U.S.C. §§ 1341 and 2, and other related offenses. Investigation was well under way regarding a fourth possible indictment of Picone in connection with the robbery of a jewelry store.

Faced with possible sentences totaling over seventy years, and possible substantial fines, Picone entered into a plea agreement with the government whereby he would plead guilty to one count each of mail fraud and attempted income tax evasion, reducing his maximum prison exposure to ten years, and the government would drop the other charges and all pending investigations. The government also agreed not to make any recommendations as to sentencing.

In a hearing on December 7, 1984, this plea agreement was presented to the court. After a thorough questioning of Picone, his attorney, and the Assistant United States Attorney, the court accepted the pleas. Prior to sentencing Picone moved to withdraw his guilty pleas, and a hearing was held on the motion on January 16, 1985. After hearing testimony from Picone, his wife, his attorney, one of his two tax attorneys, and two of the Assistant United States Attorneys involved in the case, the court denied the motion to withdraw the guilty pleas. Subsequently Picone was sentenced to serve consecutively five years on each count.

A motion, made prior to sentencing, for the withdrawal of a guilty plea may be granted if the defendant shows a fair and just reason for such withdrawal. Fed.R. Crim.P. 32(d). If such a motion is denied, it will be reversed on appeal only if the district court abused its discretion. *United States v. Devins*, 646 F.2d 336, 337 (8th Cir.1981).

Picone has asserted two grounds for reversal. First, he contends that duress resulting from government misconduct and other circumstances caused him to plead guilty. His claim of government misconduct is based on his allegations that he

---

1. The Honorable Ross T. Roberts, United States District Judge, presiding.

had been targeted for investigation simply because he is Italian and related to alleged members of organized crime, that he was being harassed by continued indictments and investigations, that the government offered his codefendants favorable plea agreements if they would perjure themselves in testifying against him, and that the government was prepared to use the testimony of a known liar in order to convict him. Picone contends that through this misconduct, the government intended to coerce him into pleading guilty and becoming a witness or informant. Picone also contends that he was concerned about his family and his possible seventy year exposure, and that all of this pressure rendered him incapable of thinking clearly at the plea hearing.

The transcript of the plea hearing shows that the court thoroughly questioned Picone and his attorney regarding any possible government misconduct and regarding Picone's mental state and capacity. In denying Picone's motion to withdraw his plea, the court specifically found that no credible evidence supported the government misconduct allegation. The court further found that, "[g]iven Mr. Picone's appearance before me at the time the plea was taken and my observations of him at that time and the record that was made at that time, I am distinctly unconvinced [that he was not able to think clearly at that time]...."

Fed.R.Civ.P. 52(a) provides that the findings of fact of the district court will not be set aside on review unless clearly erroneous. The Supreme Court recently discussed the "clearly erroneous" standard, and stated as follows:

If the district court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.

. . . .

When findings are based on determinations regarding the credibility of witnesses, Rule 52 demands even greater deference to the trial court's findings; for only the trial judge can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding of and belief in what is said.

*Anderson v. City of Bessemer City,* —— U.S. ——, 105 S.Ct. 1504, 1512, 84 L.Ed.2d 518 (1985).

Viewing the transcripts of the two hearings together, we feel that the findings of the court are plausible, and we decline to dismiss them as clearly erroneous. We in fact agree with the court that Picone now wishes to withdraw his plea largely because one of his codefendants has since been acquitted on one of the mail fraud charges. Picone claims that this acquittal shocked him out of his stupor and made him realize that it is possible to get a fair trial. A plea cannot be withdrawn simply because the defendant suddenly realizes that he might be acquitted. In a criminal trial there is always a chance for acquittal, but the defendant gives up that chance, along with his right to a jury trial, when he pleads guilty. Picone was advised of the rights that he was giving up before he pleaded guilty.

Second, Picone contends that an adequate factual basis was not established at the plea hearing for the attempted income tax evasion charge. Picone told the court at that hearing that he had knowingly understated his income. He further stated that he did not know the amount of income tax involved, but he agreed that it was substantial. Based on these statements, the court found that a sufficient factual basis had been established on that charge.

Picone argues that his two tax attorneys had not yet received from the government all of the requested records necessary for them to determine the merits of the tax charge. He therefore claims that he had no basis for knowing exactly how much tax he had evaded, or even whether it was a substantial amount. We find his argument unpersuasive.

Picone was charged with attempted tax evasion in violation of 26 U.S.C. § 7201. The necessary elements of that offense are that the defendant "attempted willfully to evade the tax, that there was a tax deficiency, and that the defendant committed some affirmative act to that end." *United States v. Hecht,* 705 F.2d 976, 977 (8th Cir.1983). Picone's tax attorneys had copies of all requested documents well before the plea hearing, and they were only waiting to see the originals. While Picone may not have known the exact amount of tax evaded, he did know that he purposely and substantially understated his income with the intent of evading income tax. This necessarily leads to the conclusion that he knew and could admit to the court that there was a tax deficiency. This was enough for the court to satisfy itself that a sufficient factual basis existed.

We find that the district court complied with Fed.R.Crim.P. 11 at the plea hearing, and in particular we note that court's careful and thorough interrogation of all parties participating in the hearing. We also find that the court did not abuse its discretion in denying Picone's motion to withdraw his plea of guilty to attempted income tax evasion and mail fraud. Accordingly, the judgment of the district court is affirmed.