**UNITED STATES of America, Appellee,**

v.

**Juan Hernandez FLORES, Appellant.**

**No. 91–2217.**

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 11, 1991.

Decided March 12, 1992.

Rehearing and Rehearing En Banc
Denied April 24, 1992.

---

**84**

Alan Lloyd Smoot, Rapid City, S.D., argued (Nora Kelley, Rapid City, on brief), for appellant.

Dennis Ray Holmes, Asst. U.S. Atty., Pierre, S.D., argued, for appellee.

Before LAY *, Chief Judge,
ARNOLD **, Circuit Judge and
STUART ***, Senior District Judge.

STUART, Senior District Judge.

Defendant Juan Hernandez Flores appeals the sentence imposed by the district court[1] following his plea of guilty to aiding and abetting the distribution of cocaine. *See* 18 U.S.C. § 2; 21 U.S.C. § 841(a)(1) (1988). He raises issues relating to his role in the offense, obstruction of justice, acceptance of responsibility, criminal history category, and allocution. Having reviewed the record, the briefs and arguments of counsel, and the decision of the district court, we affirm.

## I.

Defendant was charged with various drug-related offenses in a multi-count, multi-defendant indictment filed June 15, 1990, in the United States District Court for the District of South Dakota. Defendant entered into a plea agreement providing that he would enter a plea of guilty to one offense involving the distribution of one-half kilogram of cocaine and that the government would move to dismiss the counts of the indictment remaining against him. Two of the dismissed counts alleged conspiracies to possess with intent to distribute illegal drugs extending from the fall of 1988 to June 15, 1990 (the date of the indictment).

The Presentence Report indicated a base offense level of twenty-six. *See* U.S.S.G. § 2D1.1(a)(3). The report recommended the addition of four points for leading or organizing criminal activity that involved five or more participants or was otherwise extensive. *See* U.S.S.G. § 3B1.1(a). The report did not recommend any adjustments for obstruction of justice or acceptance of responsibility. This yielded a total offense level of thirty.

The report indicated three prior convictions, two of which were not included in defendant's criminal history score for lapse of time. *See* U.S.S.G. § 4A1.2(e)(3). The remaining conviction was for driving while intoxicated and resulted in a sentence of two years probation imposed on March 27, 1990. The report then included two additional points in defendant's criminal history score under section 4A1.1(d) of the Sentencing Guidelines. That section requires the addition of two points "if the defendant committed the instant offense while under any criminal justice sentence, including probation...." U.S.S.G. § 4A1.1(d). Defendant's criminal history score of three placed him in criminal history category II, which, combined with his offense level of thirty, yielded a sentencing range of 108 to 135 months imprisonment.

The defendant filed written objections to the presentence report. He denied any participation in, knowledge of, or responsibility for criminal activity other than his aiding and abetting the possession and distribution of one-half kilogram of cocaine in April and May of 1989. He objected to the report's failure to recommend an adjustment for acceptance of responsibility and stated his acceptance of responsibility for the cocaine offense for which he pled guilty. Defendant objected to the addition of four points for his role in the offense, stating that his participation "was limited to one occasion constituting an introduction between [two] individuals and was nothing more." He also included the following objection:

> Defendant objects to the criminal history computation in that defendant has one prior conviction of DWI, which may be counted under the guidelines, said conviction being on April 4th, 1987. The two other convictions for DWI occurring

---

* The Hon. Donald P. Lay was Chief Judge of the United States Court of Appeals for the Eighth Circuit at the time this case was submitted and took senior status on January 7, 1992, before the opinion was filed.

** The Hon. Richard S. Arnold became Chief Judge of the United States Court of Appeals for the Eighth Circuit on January 7, 1992.

*** The Hon. W.C. Stuart, Senior District Judge for the Southern District of Iowa, sitting by designation.

1. The Hon. Richard H. Battey, United States District Judge for the District of South Dakota.

in 1962 and 1963 at 19. That the criminal convictions result in a total criminal history score of 1 and should establish that the defendant be in the criminal history category of 1.

The district court held a sentencing hearing on April 8, 1991. The court heard testimony from Rudolph Ojeda and Dwight Cloud, two participants in defendant's criminal activity who had pled guilty to federal drug charges pursuant to plea agreements. The court also heard from Larry Johnson, a special agent with the Drug Enforcement Administration (DEA). Defendant testified on his own behalf.

The court dictated its findings of fact and conclusions into the record at the close of the hearing. The court expressly determined that the testimony of Ojeda, Johnson and Cloud was credible while the defendant's testimony was not. The court found the base offense level to be twenty-six, added four points for the defendant's role in the offense, and added two points *sua sponte* for obstruction of justice because the defendant made untruthful statements at sentencing. The court denied any adjustment for acceptance of responsibility. In the absence of any evidence or argument on the criminal history issue, the court accepted the recommendation in the presentence report that defendant's criminal history placed him in criminal history category II. Combined with an adjusted offense level of thirty-two, defendant's category II criminal history yielded a sentencing range of 135 to 168 months imprisonment. The court sentenced defendant to the minimum 135 months imprisonment and four years supervised release with a special assessment of fifty dollars. Defendant appealed.

## II.

■ Whether the defendant played a leadership or organizing role in the offense within the meaning of section 3B1.1 of the Sentencing Guidelines is a fact question for the district judge to resolve. *United States v. Fuller*, 942 F.2d 454, 458 (8th Cir.1991); *United States v. Collar*, 904 F.2d 441, 442 (8th Cir.1990). We accept the district court's findings of fact unless clearly erroneous. *See* 18 U.S.C. § 3742(e); *Fuller*, 942 F.2d at 458; *United States v. Sutera*, 933 F.2d 641, 649 (8th Cir.1991).

■ The determination of the defendant's role in the offense is to be made on the basis of all "relevant conduct." U.S.S.G. Ch. 3, Pt. B, intro. comments. *See also* U.S.S.G. § 1B1.3 ("relevant conduct" defined). Any person who is criminally responsible for the commission of the offense, whether convicted or not, is included in determining the number of participants. U.S.S.G. § 3B1.1, comment (n. 1). In determining whether the criminal activity is extensive, all persons involved during the course of the entire offense are to be considered. U.S.S.G. § 3B1.1 comment (n. 2).

■ The record supports the district court's finding that the defendant's criminal activity involved five or more participants. The record shows that Ojeda, Cloud, "Mario" and Bobby Williams had a part in the defendant's criminal activity. They were all involved in the distribution of the drugs and were not mere retail buyers or users. The government presented evidence at sentencing that defendant organized the sale of five pounds of marijuana to Ojeda in January 1989. Ojeda purchased the marijuana on credit and picked it up at a vacant house next to defendant's house in Grand Prairie, Texas. The defendant received and paid for the water bills for the vacant house. There, the defendant directed the delivery of the marijuana to Ojeda in the presence of two other persons. Ojeda took the marijuana to South Dakota and distributed it through Dwight Cloud. Ojeda paid the defendant with the money collected from the sales.

The government presented evidence that the defendant fronted the sale of three more pounds of marijuana to Ojeda in April 1989. The sale proceeded in the same manner as the first sale. Ojeda again distributed the marijuana through Cloud. The record shows a Western Union transfer of $1,000 from Ojeda to the defendant during this time.

The government presented evidence that the defendant organized the sale of cocaine thereafter. When Ojeda sought more mar-

ijuana to sell, defendant suggested cocaine instead. In June 1989, the defendant fronted the sale of one-half kilogram of cocaine. The sale proceeded in the same manner as the marijuana sales except that a man named Mario was present and accompanied Ojeda to South Dakota with the cocaine. Ojeda distributed the cocaine through Cloud. Mario later flew back with the money collected from the sales.

The government presented evidence that the defendant fronted the sale of one kilogram of cocaine to Ojeda in July 1989. The sale took place at the vacant house, but only defendant was present this time. Ojeda took the cocaine to South Dakota and distributed five ounces through Bobby Williams. The remainder was distributed through Cloud. Ojeda later mailed to defendant $10,000 stuffed in a vase and packaged in a box.

Cloud testified that he distributed both marijuana and cocaine to Russell Anderson and Miles Sandquist. He testified that he distributed cocaine to Gene Loney, Brad Raw, and Dan Bien. Larry Johnson, the DEA agent, testified that his investigation revealed several collect telephone calls to the defendant originating from pay phones in North and South Dakota. His investigation culminated in a recorded telephone conversation between Ojeda and the defendant shortly after Ojeda's arrest in which drugs and money were discussed. He further testified as to the seizure in Ohio of $25,900 in cash in a package addressed to the defendant. The defendant had varying explanations for the cash.

The evidence presented by the government supports not only a finding that the defendant's criminal activity involved more than five participants, but also a finding that the defendant was a leader or organizer in that activity. The defendant organized the sale on credit of marijuana and introduced cocaine into the existing marijuana distribution scheme. The defendant controlled or exercised authority over others. The scope of the distribution downstream indicates that the defendant had substantial responsibilities in the scheme. We therefore affirm the addition of four points to the base offense level for defendant's role in the offense.

## III.

The Sentencing Guidelines provide that if a defendant willfully obstructs or impedes the administration of justice during sentencing, or attempts to do so, two points must be added to the offense level. U.S.S.G. § 3C1.1. The district court found that the defendant willfully obstructed or impeded the administration of justice, or attempted to do so, by not speaking truthfully under oath to the court at sentencing. The court then added two points to defendant's offense level *sua sponte*.

■ The district court's finding that defendant lied must be accepted unless clearly erroneous. *See United States v. Ogbeifun*, 949 F.2d 1013 (8th Cir.1991); *United States v. Dyer*, 910 F.2d 530, 533 (8th Cir.1990); *United States v. O'Meara*, 895 F.2d 1216, 1220 (8th Cir.1990). The record supports the district court's finding. Defendant minimized his involvement in the criminal activity, and his testimony varied from the testimony of the government's witnesses in several material respects. We have held that lying for the purpose of obtaining a lighter sentence constitutes obstruction of justice within the meaning of section 3C1.1. *See United States v. Lange*, 918 F.2d 707, 709 (8th Cir.1990); *United States v. Lawrence*, 918 F.2d 68, 72 (8th Cir.1990). We therefore affirm the addition of two points to the base offense level for obstruction of justice.

## IV.

■ "Whether a defendant has accepted responsibility is a factual question which depends largely on credibility assessments by the sentencing court." *United States v. Youmans*, 926 F.2d 747, 749 (8th Cir.1991) (per curiam). The entry of a guilty plea does not entitle a defendant to a sentencing reduction for acceptance of responsibility as a matter of right. U.S.S.G. § 3E1.1(c). Conduct resulting in an enhancement for obstruction of justice "ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct." U.S.S.G. § 3E1.1, comment (n. 4). *See United*

*States v. Willis*, 940 F.2d 1136, 1140 (8th Cir.1991); *Dyer*, 910 F.2d at 533.

▮ The district court specifically stated, however, that its decision was in no manner based on the fact that the defendant testified untruthfully. Rather, the court stated its firm conviction, based on the sentencing hearing, that the defendant "does not accept responsibility for the conduct to which he entered a plea of guilty."

A sentencing judge is in a unique position to assess the appropriateness of an adjustment for acceptance of responsibility. This determination is entitled to great deference, *United States v. Keene*, 915 F.2d 1164, 1170 (8th Cir.1990); *United States v. Streeter*, 907 F.2d 781, 787 (8th Cir.1990); U.S.S.G. § 3E1.1, comment. (n. 5), and should not be disturbed unless it is without foundation. *Keene*, 915 F.2d at 1170; *United States v. Russell*, 913 F.2d 1288, 1295 (8th Cir.1990); *United States v. Thompson*, 876 F.2d 1381, 1384 (8th Cir.), *cert. denied*, 493 U.S. 868, 110 S.Ct. 192, 107 L.Ed.2d 147 (1989). There is ample foundation for the district court's determination. We therefore affirm the denial of a sentencing reduction for acceptance of responsibility.

## V.

▮ The defendant asserts that the district court erroneously added two points to the defendant's criminal history score for his commission of the instant offense while under a criminal justice sentence. *See* U.S.S.G. § 4A1.1(d). We do not believe that the defendant's written objections sufficiently alerted the district court to the argument he presents now on appeal. His written objections related to the inclusion of two prior convictions. Neither the presentence report nor the district court's sentencing decision included the two prior convictions in the calculation of defendant's criminal history score.

At the sentencing hearing, the defendant offered no evidence, argument, or objection to the addition of two points for committing the instant offense while under a criminal justice sentence. In the absence of any evidence or argument on the issue, the district court accepted the recommendation in the presentence report that two points be added. Accordingly, the defendant has waived this issue and may not raise it before this court unless he can demonstrate "plain error resulting in a miscarriage of justice." *United States v. Carnes*, 945 F.2d 1013, 1014 (8th Cir.1991). Here, the criminal history determination, even if erroneous (a question we do not decide), did not result in a miscarriage of justice. The defendant's sentence was within the range established by a category I criminal history. Therefore, we find no plain error and affirm the district court's addition of two points to defendant's criminal history score.

## VI.

▮ Before imposing sentence, the district court requested the defendant to rise and asked "Do you know of any reason why the Court should not pronounce sentence? That is, are you ready to receive the Court's sentence?" The defendant replied, "Yes, sir." We hold that the district court personally extended to the defendant the right of allocution afforded under the rules of criminal procedure. *See* Fed. R.Crim.P. 32(a)(1)(C); *Callahan v. United States*, 371 F.2d 658, 661 (9th Cir.1967).

The judgment of the district court is affirmed.