972 F.2d 355
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
Lewis COKER, also known as Louis Coker, also known as
"Bucky" Coker, also known as David L. Coker, Appellant.
 No. 92-1293.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: August 11, 1992.
Filed: August 18, 1992.
 
 Before MAGILL, LOKEN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Lewis Coker, a federal prisoner, appeals his sentence of forty-eight months imposed by the district court[1] after he pleaded guilty to a drug offense. We affirm.
 
 
 2
 In July 1991 the government charged Coker and two others with conspiring to distribute methamphetamine from February 1990 through March 1990 in Stone County, Missouri. Coker entered into a plea agreement under which he stipulated to his offense conduct, the drug quantity, and the base offense level. The presentence report (PSR) set the base offense level at 18 and subtracted two levels for acceptance of responsibility, in accordance with the parties' stipulations in the plea agreement. It then assessed ten criminal history points, one of which was for a conviction in California for possession of a hypodermic needle. Coker was arrested on that charge in September 1990 and sentenced in January 1991. The total offense level of 16 and criminal history category of V produced a Guideline imprisonment range of 41 to 51 months. Neither party raised any objections to the PSR. The district court sentenced Coker to forty-eight months imprisonment and three years supervised release.
 
 
 3
 Coker, who is proceeding pro se in this appeal, argues that defense counsel was ineffective because he visited Coker only twice during the plea process, refused to move for discovery as Coker requested, and refused to object to a portion of the stipulated facts. We agree with the government that Coker's ineffective assistance claim is not properly before us. See United States v. Thompson, No. 91-2802, slip op. at 5 (8th Cir. Aug. 3, 1992) (generally ineffective-assistance claims may not be raised on direct appeal but should first be presented to district court in 28 U.S.C. § 2255 petition). Likewise, the arguments Coker raises in his supplemental brief are not properly before us.
 
 
 4
 Coker also argues that the court erred in assessing a criminal history point for the hypodermic needle conviction, because he was charged with and sentenced for that offense after committing this offense. Coker did not properly preserve the issue for appellate review. See United States v. Flores, 959 F.2d 83, 88 (8th Cir. 1992) (defendant who did not offer evidence, argument, or objection at sentencing against addition of two criminal history points could not challenge them on appeal unless he could demonstrate plain error resulting in miscarriage of justice). We conclude that there was no plain error here. See U.S.S.G. §§ 4A1.1(c), 4A1.2(a) & 4A1.2, comment. n.1; United States v. Blumberg, 961 F.2d 787, 792 (8th Cir. 1992). We reject as meritless Coker's remaining arguments.
 
 
 5
 Accordingly, we affirm.
 
 
 
 [1]
 The HONORABLE RUSSELL B. CLARK, Senior United States District Judge for the Western District of Missouri