UNITED STATES of America, Appellee,

v.

**Derek E. YELL, Appellant.**

No. 93–1363.

United States Court of Appeals,
Eighth Circuit.

Submitted June 17, 1993.

Decided March 9, 1994.

Counsel who presented argument on behalf of the appellant was Robert A. Montserrat of Dallas, TX. Mark W. Bubak of Omaha, NE appeared on the brief.

Counsel who presented argument on behalf of the appellee was William W. Mickle II, AUSA, of Omaha, NE.

Before JOHN R. GIBSON, Circuit Judge, ROSS, Senior Circuit Judge, and MORRIS SHEPPARD ARNOLD, Circuit Judge.

ROSS, Senior Circuit Judge.

Appellant Derek E. Yell appeals from a final judgment and sentence of conviction arguing that the district court erred in denying his motion to withdraw his guilty plea, and in overruling his objections to the Presentence Investigation Report (PSI).

Appellant was indicted in a 24–count indictment, charging him and others with various drug-related crimes. According to the indictment, appellant sold powder cocaine to Michael George, also known as Silky Mac, who in turn converted the powder to crack and distributed the crack in the Omaha area.

On September 16, 1992, after less than one day of jury trial, appellant agreed to plead guilty to Count I of the Second Superseding Indictment, charging him with conspiring to distribute and possess with intent to distribute cocaine and a substance or mixture which contained cocaine base.

On November 12, 1992, appellant filed objections to the PSI and requested an evidentiary hearing on these objections. On December 14, 1992, appellant filed a motion to withdraw his guilty plea.

Following an evidentiary hearing, the district court denied appellant's motion to withdraw his plea, finding that he had not established a fair and just reason for withdrawal of his previously entered plea. The court also overruled his objections to the PSI, rejected a motion for a downward departure for acceptance of responsibility and imposed an upward two-point adjustment for obstruction of justice, resulting in a total offense level of 40, with an imprisonment range of 324 months to 405 months. Appellant was sentenced to 324 months incarceration, with a five-year term of supervised release.

## I.

■ Appellant first argues that the district court erred in denying his motion to withdraw his guilty plea. Rule 32(d) of the Federal Rules of Criminal Procedure provides that "[i]f a motion for withdrawal of a plea of guilty ... is made before sentence is imposed, the court may permit withdrawal of the plea upon a showing by the defendant of any fair and just reason." *See also United States v. Abdullah*, 947 F.2d 306, 311 (8th Cir.1991), *cert. denied*, — U.S. ——, 112 S.Ct. 1969, 118 L.Ed.2d 569 (1992). The burden of establishing such justification is on the defendant. Review of a district court's ruling of a motion to withdraw a plea is made under an abuse of discretion standard. *United States v. Thompson*, 906 F.2d 1292, 1298 (8th Cir.), *cert. denied*, 498 U.S. 989, 111 S.Ct. 530, 112 L.Ed.2d 540 (1990).

■ After being fully informed of the consequences of pleading guilty and acknowledging he understood the rights he was waiving, appellant entered his guilty plea. Appellant now argues his guilty plea was induced by stress and therefore was not voluntary. This, he argues, is a fair and just reason to withdraw his guilty plea. The only testimony offered by appellant on this claim was that of his attorney, Walter Pink, who testified that appellant had difficulty being separated from his family during his pretrial detention, that appellant had been incarcerated with other inmates who had been antagonistic towards him and that as a result he developed health problems and had lost almost forty pounds. Pink further stated that before the plea, his client was in a state of shock, confused and nervous. Appellant and Pink, however, reviewed and discussed the plea agreement before they both signed the document.

Appellant's challenge to the district court's denial of his motion to withdraw his guilty plea is without merit. Appellant was fully informed of the rights he was waiving and his argument that he was under stress and thus without volition in pleading guilty falls far short of the required showing of a fair and

just reason to withdraw the plea. The court carefully inquired into the voluntariness of appellant's plea and determined after extensive questioning that appellant was competent to proceed, that he understood the rights he was waiving and that no threats or promises had been made to induce his plea. Appellant's claim that he suffered from mental stress is spurious and without credible foundation, and is not a fair and just reason to allow him to withdraw his plea. The district court did not abuse its discretion in denying the motion to withdraw the plea.

## II.

Appellant also argues that his sentence violates his constitutional right to equal protection and reflects a continuing disparity of impact in sentences between black and non-black offenders. Specifically, appellant argues the disparate sentences imposed for cocaine versus cocaine base, or crack, violates equal protection laws because the majority of crack offenders are black, while the majority of powder cocaine offenders are white.

This argument has been considered and rejected by this court on more than one occasion and we may not revisit the issue absent *en banc* review. *See, e.g., United States v. Lattimore,* 974 F.2d 971, 974–76 (8th Cir.1992) *cert. denied,* —— U.S. ——, 113 S.Ct. 1819, 123 L.Ed.2d 449 (1993).

## III.

■ Appellant next argues the district court erred in assessing a two-level penalty for obstruction of justice under U.S.S.G. § 3C1.1, which provides for an increase if the "defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense." Application note 3(h) more specifically provides for such an upward adjustment where the defendant "provid[es] materially false information to a probation officer in respect to a presentence or other investigation for the court." "Material information" is defined as information that, "if believed, would tend to influence or affect the issue under determination." U.S.S.G. § 3C1.1, application note 5.

The district court assessed a two-point increase based on an allegedly false statement appellant made to his probation officer. According to the PSI, appellant first reported to the probation officer that he distributed one, maybe two, one-half kilos of cocaine. In his motion to withdraw his guilty plea, however, appellant later admitted that he "minimized the amount of cocaine that [he] sold to 'Silky'" and he corrected his statement.

Although appellant may have minimized the drug quantity to his probation officer, it is clear that appellant had truthfully informed the court on several occasions prior to sentencing that he had sold two kilos of cocaine, the amount for which he was ultimately found to be responsible. In his guilty plea and subsequently in his motion to withdraw his plea he admitted that he had sold two kilos of cocaine. The PSI also contains a statement by appellant's attorney that appellant admits that he sold about two kilos of low quality cocaine to Michael George over a four-month period.

Under the facts of this case, we cannot say that the appellant's single comment to the probation officer in which he minimized the amount of cocaine was materially false information, in light of his prior truthful disclosures to the court, as well as his subsequent effort to correct the inconsistency in his statements prior to sentencing. Because the district court was accurately apprised of the amount of cocaine involved at the time of its sentencing determination, we cannot say that the comment to the probation officer was materially false as required for a sentencing enhancement under U.S.S.G. § 3C1.1, application note 3. We conclude the district court erred in enhancing appellant's sentence for obstruction of justice.

## IV.

■ Finally, appellant challenges the district court's refusal to grant a two-level decrease for acceptance of responsibility under U.S.S.G. § 3E1.1. Whether a defendant has accepted responsibility is a factual question which depends largely on credibility assessments by the sentencing court. *United States v. Flores,* 959 F.2d 83, 87 (8th Cir.),

cert. denied, —— U.S. ——, 113 S.Ct. 469, 121 L.Ed.2d 376 (1992). The entry of a guilty plea does not entitle a defendant to a sentencing reduction for acceptance of responsibility as a matter of right. U.S.S.G. § 3E1.1, application note 3.

 In the present case, the court found that appellant did not timely provide complete information to the government concerning his own involvement in the offense and did not timely notify authorities of his intention to enter a guilty plea, which would have allowed the government to avoid trial preparation and the court to allocate its resources efficiently. Because there is ample foundation for the court's decision, we affirm the denial of a sentence reduction for acceptance of responsibility. *See United States v. Flores, supra,* 959 F.2d at 88.

### V.

Based on the foregoing, the judgment of the district court is affirmed with the exception of the imposition of the two-point enhancement for obstruction of justice. On this point the case is reversed and remanded to the district court for resentencing.

MORRIS SHEPPARD ARNOLD, Circuit Judge, dissenting.

I agree with all of the court's opinion in this case except so much of it as reverses the assessment of a two-level penalty for the obstruction of justice. Appellant admits that he did not at first tell the probation officer the truth about the amount of cocaine that he distributed, and thus he stands convicted out of his own mouth. The amount of drugs that appellant dealt is the single most important datum in the determination of a sentence for drug dealing. The statement was therefore quite clearly one that, "if believed, would tend to influence or affect the issue under determination," U.S.S.G. § 3C1.1, Application Note 5, since "the issue under determination" was the amount of drugs that appellant distributed. It is therefore impossible for me to conclude that the trial court erred in awarding the enhancement.

I respectfully dissent and would affirm the trial court in all respects.