91 F.3d 145
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellant,
v.
Timothy Alan GIBBS, Defendant-Appellee.
 No. 95-2215.
 United States Court of Appeals, Sixth Circuit.
 July 5, 1996.
 
 Before: KEITH, KENNEDY and RYAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 The Defendant-Appellant, Timothy Alan Gibbs, ("Gibbs") appeals the district court's sentencing order enhancing his sentence for obstructing justice, pursuant to Sentencing Guideline § 3C1.1. For the reasons stated below, we AFFIRM the district court.
 
 I. Statement of the Case
 
 2
 In the early morning hours of December 31, 1993, the Prairie Schooner Bar, located at 10949 South Norris Road in Prairieville Township, Barry County, Michigan, caught on fire and was severely damaged. The resulting investigation led local and state investigators to believe the fire had been deliberately set by Gibbs. Gibbs, the owner of the Prairie Schooner, was deeply in debt and was about to lose the bar due to foreclosure. The Fire Marshall for the Michigan State Police concluded the fire had been intentionally set, due to the use of lighter fluid and the fact the fire had been started in three separate areas. Gibbs told friends he was considering burning the bar to escape his financial problems.
 
 
 3
 On April 20, 1995, a federal grand jury for the United States District Court for the Western District of Michigan returned a one-count indictment against Gibbs. The indictment charged Gibbs with arson, in violation of 18 U.S.C. § 844(i).
 
 
 4
 On August 8, 1995, Gibbs appeared before the district court and pled guilty to the indictment. As part of his plea colloquy, Gibbs told the district court he started the fire by tossing a partially lit cigarette into a trash can filled with paper products. He then set the trash can under an electrical box and left the building. Following Gibbs' description of how he started the fire, the government informed the district court that the investigation report and Gibbs' version of the facts differed. The district court accepted the guilty plea and assigned the case to a probation officer for preparation of a presentence investigation report.
 
 
 5
 Gibbs' presentence report recommended he receive a two-level upward adjustment for obstruction of justice, pursuant to Guidelines § 3C1.1. The presentence investigation report determined Gibbs had provided the district court and the probation department with materially false information at his guilty plea and again during his presentence interviews. Gibbs filed an objection to the proposed obstruction of justice enhancement.
 
 
 6
 On October 20, 1995, the district court held a sentencing hearing to consider Gibbs' objection to the § 3C1.1 enhancement. David Allen Raven, the bartender at the Prairie Schooner on the night of the fire, testified to witnessing Gibbs place paper in a trash can, squirt lighter fluid on the paper and ignite the paper with a cigarette. Scott Richard Kennicott, Gibbs' friend and bouncer at the Prairie Schooner, testified that Gibbs told him he was thinking about setting the bar on fire to escape the financial problems that were haunting him. Finally the government presented the testimony of Detective Sergeant Frederick Alan Kempski ("Detective Kempski"), of the Michigan State Police Arson Squad. Detective Kempski testified that the Prairie Schooner fire had started in three different places, two inside the bar and one outside, and that a fire accelerator had been used. Gibbs presented no witnesses to refute the government's evidence but indicated that Austin Waldron, a former Michigan State Police arson investigator, could prove that no accelerators had been used to set the fire. The District court determined that, during his guilty plea and again during his presentence investigation interview, Gibbs provided materially false information about how he set the fire. The district court found that Gibbs lied in an attempt to limit his culpability and reduce the length of his sentence. The district court enhanced Gibbs' base offense level two-levels, pursuant to § 3C1.1 and established his base offense level at 22. The district court set his criminal history category at I, resulting in a Guideline sentencing range of 41 to 51 months. The district court sentenced Gibbs to 42 months in prison.
 
 
 7
 Gibbs filed a timely notice of appeal.
 
 II. Discussion
 
 8
 On appeal, Gibbs argues the district court erred in enhancing his sentence for obstruction of justice. He claims the facts introduced at sentencing do not support the application of a U.S.S.G. § 3C1.1 enhancement.
 
 
 9
 This Court reviews the district court's factual findings with respect to the Sentencing Guidelines for clear error. United States v. Smart, 41 F.3d 263, 264 n. 1 (6th Cir.1994). Whether a defendant's actions constitute obstruction of justice under the Guidelines is subject to de novo review. United States v. Sanchez, 928 F.2d 1450, 1458 (6th Cir.1991). The district court's decision to enhance a defendant's sentence for obstruction of justice is given due deference and will be reversed only for an abuse of discretion. 18 U.S.C. § 3742(e) (West Supp.1995); United States v. Moss, 9 F.3d 543, 553 (6th Cir.1993).
 
 
 10
 United States Sentencing Guidelines § 3C1.1 provides for a two-level increase in a defendant's base offense level "[i]f the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense." U.S.S.G. § 3C1.1 (Nov. 1, 1994); United States v. Aideyan, 11 F.3d 74, 76 (6th Cir.1993). An obstruction of justice enhancement is to be applied when the defendant provides a judge or magistrate with information which is material and false. U.S.S.G. § 3C1.1 comment. (n. 3(f)). Application Note 3(h) states that an obstruction of justice sentence enhancement applies when the defendant "provide[s] materially false information to a probation officer in respect to a presentence or other investigation for the court." Id. at comment. (n. 3(h)).
 
 
 11
 The Eighth Circuit has held that when a defendant attempts to minimize his involvement in a crime and where his testimony varies from the testimony of government witnesses, a two-level enhancement for obstruction of justice is warranted. United States v. Flores, 959 F.2d 83, 86 (8th Cir.), cert. denied, 506 U.S. 976, 113 S.Ct. 469, 121 L.Ed.2d 326 (1992). The Flores court declared that "lying for the purpose of obtaining a lighter sentence constitutes obstruction of justice within the meaning of [s] 3C1.1." Id.
 
 
 12
 In the instant case, the district court did not clearly err when it concluded Gibbs lied about the way in which he set the fire. The uncontradicted testimony of the government's three witnesses substantially differs from what Gibbs told the district court and the probation officer. Given this contradiction, it was not clear error for the district court to conclude that he lied in order to reduce his prison sentence. In light of the charge against him, it is clear that such a lie was material for enhancement purposes. Thus, the district court acted within its discretion in enhancing Gibbs' sentence for obstruction of justice.
 
 III. Conclusion
 
 13
 For the reasons stated above, we AFFIRM the sentence imposed by the Honorable Robert Holmes Bell of the United States District Court for the Western District of Michigan.