# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3259

_____

United States of America,

        Appellee,

v.

Randy Teter,

        Appellant.

\*
\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  Western District of Missouri.
\*
\*    [UNPUBLISHED]
\*

_____

Submitted: March 6, 2009
Filed: March 26, 2009

_____

Before WOLLMAN, MURPHY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Randy Teter appeals the district court's[1] denial of his motion to withdraw his guilty plea to one count of mailing a threatening communication, in violation of 18 U.S.C. § 867(c). His counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), and Teter has filed a pro se supplemental brief, arguing that the district court should have allowed him to withdraw his guilty plea because he discovered that his attorney failed to pursue hiring a handwriting expert.

_____

[1]The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri.

We conclude that the district court did not abuse its discretion in denying Teter's motion to withdraw his guilty plea. See United States v. Gray, 152 F.3d 816, 819 (8th Cir. 1998) (district court's denial of defendant's motion to withdraw guilty plea is reviewed for abuse of discretion); United States v. Devins, 646 F.2d 336, 337 (8th Cir. 1981) (burden is on defendant to establish grounds for guilty-plea withdrawal). Teter admitted in both his plea agreement and at the plea hearing that he had written and sent the letter that was the basis for the charge to which he pleaded guilty. See Blackledge v. Allison, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity."). His discovery that his attorney had failed to pursue obtaining a handwriting expert, and his belief that such an expert would have helped him achieve acquittal at trial for a crime he admitted committing, did not constitute a fair and just reason for withdrawing his plea. See United States v. Maxwell, 498 F.3d 799, 801-02 (8th Cir. 2007) (where defendant stipulated to facts in plea agreement sufficient for court to determine that defendant committed pled-to offense, defendant's later claim that factual basis was insufficient to support conviction was not fair and just reason for withdrawing guilty plea under Fed. R. Crim. P. 11(d)(2)(B)); United States v. Morrison, 967 F.2d 264, 268 (8th Cir. 1992) ("When a defendant has entered a knowing and voluntary plea of guilty at a hearing at which he acknowledged committing the crime, 'the occasion for setting aside a guilty plea should seldom arise.'" (citation omitted)); United States v. Picone, 773 F.2d 224, 226 (8th Cir. 1985) (per curiam) ("A plea cannot be withdrawn simply because the defendant suddenly realizes that he might be acquitted.")

As to any remaining issues, we will enforce the appeal waiver contained in Teter's plea agreement, because the record reflects that Teter understood and voluntarily accepted the terms of the plea agreement, including the appeal waiver; and we conclude that no injustice would result from enforcing it. See United States v. Andis, 333 F.3d 886, 889-90 (8th Cir. 2003) (en banc) (discussing enforceability of appeal waiver); United States v. Estrada-Bahena, 201 F.3d 1070, 1071 (8th Cir. 2000) (per curiam) (enforcing appeal waiver in Anders case). Having reviewed the record

independently under <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988), we have found no nonfrivolous issues for appeal beyond the scope of the appeal waiver.

Accordingly, we affirm the district court's judgment, we grant counsel's request to withdraw, subject to counsel advising Mr. Teter of his right to file a petition for writ of certiorari, and we deny Teter's motion for appointment of substitute appellate counsel.

_____