# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2391

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| Timothy Terell Johnson, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted:  October 14, 2009
Filed:  October 21, 2009

_____

Before BYE, BOWMAN, and BENTON, Circuit Judges.

_____

PER CURIAM.

Timothy Terell Johnson pleaded guilty to conspiring to distribute at least 50 grams of a mixture or substance containing cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1) (2009). The District Court[1] sentenced him to the statutory minimum of life in prison. On appeal, Johnson's counsel seeks permission to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), identifying as possible issues for review (1) the District Court's denial of Johnson's motion to withdraw his guilty plea, and (2) the sentence imposed. Johnson has filed

_____

[1]The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa.

pro se supplemental briefs asserting additional arguments, and has moved for appointment of new counsel.

First, we conclude that the District Court did not abuse its discretion in denying Johnson's motion to withdraw his guilty plea. See United States v. Gray, 152 F.3d 816, 819 (8th Cir. 1998) (standard of review); United States v. Devins, 646 F.2d 336, 337 (8th Cir. 1981) (per curiam) (burden is on defendant to establish grounds for guilty-plea withdrawal). Johnson admitted his guilt at the plea hearing and confirmed that he was voluntarily pleading guilty. He also confirmed numerous times that he understood the statutory minimum sentence was life in prison, and that it was within the government's discretion to move for a downward departure based on substantial assistance. See Blackledge v. Allison, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity."); United States v. Morrison, 967 F.2d 264, 268 (8th Cir. 1992) ("When a defendant has entered a knowing and voluntary plea of guilty at a hearing at which he acknowledged committing the crime, 'the occasion for setting aside a guilty plea should seldom arise.'" (citation omitted)).

Second, we note that the District Court lacked discretion to sentence Johnson below the statutory minimum of life in prison. See United States v. Chacon, 330 F.3d 1065, 1066 (8th Cir. 2003) (only authority for District Court to depart from statutory minimum sentence is found in 18 U.S.C. § 3553(e) and (f), which apply only when government makes motion for substantial assistance or defendant qualifies for safety-valve relief).

Third, we decline to review on direct appeal Johnson's pro se claims of ineffective assistance of counsel and a coerced guilty plea. See United States v. McAdory, 501 F.3d 868, 872-73 (8th Cir. 2007) (appellate court ordinarily defers ineffective-assistance claims to 28 U.S.C. § 2255 proceedings); United States v. Cain, 134 F.3d 1345, 1352 (8th Cir. 1998) (claim that ineffective assistance of counsel rendered guilty plea involuntary is more properly raised in § 2255 proceedings).

Finally, we hold that Johnson's challenge to the denial of his suppression motion is foreclosed by his unconditional guilty plea.  See United States v. Gamble, 327 F.3d 662, 663 n.2 (8th Cir. 2003) (unconditional guilty plea forecloses defendant's right to challenge denial of motion to suppress (citations omitted)).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues.  Accordingly, we deny Johnson's motion for new counsel, grant counsel's request to withdraw, and affirm the judgment.

_____