# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-3238

_____

United States of America

*Plaintiff - Appellee*

v.

Ellison Lee Hutchison, Jr.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Jefferson City

_____

Submitted: July 7, 2014
Filed: July 16, 2014
[Unpublished]

_____

Before GRUENDER, BOWMAN, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Ellison Hutchison, Jr., appeals the district court[1] order denying his motion to withdraw his plea of guilty after he pleaded guilty to a drug crime. He pleaded guilty

_____

[1]The Honorable Beth Phillips, United States District Judge for the Western District of Missouri.

pursuant to a Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement. Before sentencing, Hutchison moved to withdraw his plea, but after his counsel negotiated a lower sentence in an amended plea agreement, Hutchison changed his mind and elected to persist in his guilty plea. After the presentence report was prepared, Hutchinson attempted again to withdraw his plea, insisting he had an alibi witness. The court heard arguments on the motion, but denied the motion to withdraw; accepted the amended plea agreement; and imposed the sentence provided for in the amended agreement.

On appeal, Hutchison's counsel has moved to withdraw, and in a brief filed under Anders v. California, 386 U.S. 738 (1967), argues that the court erred by denying Hutchison's motion to withdraw his guilty plea, and that Hutchison's guilty plea was involuntary due to ineffective assistance of counsel. Hutchinson has not filed a pro se supplemental brief.

We conclude that the district court did not abuse its discretion in concluding that Hutchison failed to provide a fair and just reason to allow withdrawal of his plea. See Fed. R. Crim. P. 11(d)(2)(B); United States v. Yell, 18 F.3d 581, 582 (8th Cir. 1994) (standard of review). Hutchison's contentions in support of withdrawing his plea are contradicted by the sworn testimony he gave when he pleaded guilty. See Nguyen v. United States, 114 F.3d 699, 703 (8th Cir. 1997) (representations during plea hearing carry strong presumption of verity); cf. United States v. Morrison, 967 F.2d 264, 268 (8th Cir. 1992) (occasion for setting aside guilty plea should seldom arise); United States v. Devins, 646 F.2d 336, 337 (8th Cir. 1981) (per curiam) (burden is on defendant to establish grounds for guilty-plea withdrawal). Further, Hutchinson failed to show how and why the potential witness could provide credible evidence exonerating Hutchinson, and the court reasonably concluded that Hutchinson's prior failed attempts to find alibi witnesses weighed against allowing him to withdraw his plea. The court also properly considered the prejudice that withdrawal would cause the government, and the strength of the prosecution's case.

See <u>United States v. Abdullah</u>, 947 F.2d 306, 311 (8th Cir. 1991) (considerations for motion to withdraw); <u>cf.</u> <u>Paulson v. Black</u>, 728 F.2d 1164, 1167 (8th Cir. 1984) (where there was strong factual basis for guilty plea and it was otherwise valid, even clear protestations of innocence would not invalidate plea). To the extent Hutchison wishes to raise claims of ineffective assistance outside the context of his decision to plead guilty, we defer those matters to collateral proceedings. <u>See</u> <u>United States v. Hubbard</u>, 638 F.3d 866, 869 (8th Cir. 2011).

Finally, having reviewed the record independently, <u>see</u> <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988), we have found no nonfrivolous issues. Accordingly, we affirm. As to counsel's motion to withdraw, we conclude that allowing counsel to withdraw at this time would not be consistent with the Eighth Circuit's 1994 Amendment to Part V of the Plan to Implement the Criminal Justice Act of 1964. We therefore deny counsel's motion to withdraw as premature, without prejudice to counsel refiling the motion upon fulfilling the duties set forth in the Amendment.

_____