# United States Court of Appeals

## For the Eighth Circuit

_____

No. 19-1636

_____

United States of America,

*Plaintiff - Appellee*,

v.

Damon Montano,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: January 16, 2020
Filed: June 8, 2020

_____

Before COLLOTON, SHEPHERD, and ERICKSON, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Damon Montano pleaded guilty to one count of unlawful possession of a firearm as a person previously convicted of a misdemeanor crime of domestic

violence. The district court[1] sentenced Montano to 48 months' imprisonment. Montano argues on appeal that the district court erred at sentencing by miscalculating the advisory guideline range and imposing an unreasonable sentence. We conclude that there was no reversible error, and we therefore affirm.

I.

The prosecution arose from a report that Montano committed acts of domestic violence against his wife, Thanatchaporn Thongbai, in Tama, Iowa. After several months of a tumultuous marriage, Thongbai left Montano in July 2018. She reported to police that Montano had violently assaulted her, provided photographs of her injuries, and informed police that Montano kept drugs and guns in his residence.

Police arrested Montano for assault, and they found 1,000 rounds of ammunition and three loaded firearms in his residence. A grand jury charged Montano with unlawful possession of a firearm as a person previously convicted of a misdemeanor crime of domestic violence. *See* 18 U.S.C. §§ 922(g)(9), 924(a)(2).

Montano pleaded guilty to the firearms offense, and the case proceeded to sentencing. At a hearing, Thongbai described Montano's history of abusing her and detailed the assault in July 2018. She said that Montano grabbed her neck and choked her, bit her arm, and hit her in the mouth. A neighbor testified that he observed Thongbai's injuries—including bruises and fingerprint marks on her neck, and bruises and cuts on her mouth and eye—in the aftermath of the July assault.

Before Montano testified in his defense, the district court warned him that if he "knowingly lied," then the court could deny him a three-level decrease under the

---

[1]The Honorable C.J. Williams, United States District Judge for the Northern District of Iowa.

sentencing guidelines for acceptance of responsibility. Montano proceeded to testify and denied committing the July assault. He stated that he never assaulted, attacked, or strangled Thongbai. And he characterized his actions toward Thongbai as self-defense. He also alleged that scratches and marks on Thongbai's body "were caused by herself."

The district court found that Montano assaulted Thongbai in July 2018. The court deemed Montano's testimony and his theory of self-defense incredible, and determined that several of Montano's statements were false denials.

In calculating a guideline range, the court ruled that Montano committed perjury at sentencing and applied a two-level increase for obstruction of justice under USSG § 3C1.1. In light of the perjury, the court also denied Montano's request for a decrease in offense level for acceptance of responsibility. *See* USSG § 3E1.1 & comment. (n.4). The resulting guideline range was 27 to 33 months.

The court then varied upward from the guideline range under 18 U.S.C. § 3553(a) and sentenced Montano to a term of 48 months' imprisonment. The court explained that Montano's assault of his wife, and an assault of an inmate in jail while awaiting sentencing, were not accounted for by the guidelines. R. Doc. 76, at 3; R. Doc. 83, at 177. We review the district court's application of the guidelines *de novo*, its factual findings for clear error, and the reasonableness of its sentence under a deferential abuse-of-discretion standard. *See Gall v. United States*, 552 U.S. 38, 50-51 (2007); *United States v. O'Dell*, 204 F.3d 829, 836 (8th Cir. 2000).

II.

Montano argues that the district court erred in applying an increase for obstruction of justice under USSG § 3C1.1. This guideline provides for a two-level increase if (1) the defendant willfully obstructed the administration of justice with

respect to the sentencing of the instant offense of conviction, and (2) the obstructive conduct related to either the defendant's offense of conviction and any relevant conduct, or a closely related offense. USSG § 3C1.1. Committing perjury constitutes obstruction of justice under the guideline. *Id.*, comment. (n.4(B)). A witness testifying under oath commits perjury if he gives false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory. *United States v. Dunnigan*, 507 U.S. 87, 94 (1993).

Montano argues that the district court clearly erred in finding that his testimony was false. The court found that Montano gave false testimony when he denied assaulting or attacking Thongbai in July 2018. The court credited Thongbai's testimony describing the assault, and the testimony of the neighbor who witnessed her injuries after the beating. The court cited corroborating evidence in text messages sent by Montano that were reasonably construed as admissions, an audio recording capturing Montano's verbal abuse of Thongbai, Montano's prior conviction for domestic assault, and Montano's history of threatening behavior toward his grandparents and mental health providers. R. Doc. 83, at 131-33.

Montano argues that his statements were not false because he admitted his role in a violent marriage, and denied only accusations of "assault." The district court, however, was responsible for weighing the credibility of the witnesses, and there was ample evidence to support the finding that Montano assaulted Thongbai. Montano also argues that he did not willfully intend to provide false testimony, because he was confused over the legal definition of "assault" and did not recall assaulting her. The district court reasonably rejected a claim of confusion over terminology: Montano testified that he never "assaulted" his wife, but that she "assaulted" him, and the context showed that he was denying a physical attack on her. In any event, he also denied in plain language that he ever "attacked" his wife, and the district court

permissibly found that these statements were willfully false denials and not a product of confusion or faulty memory.

Montano next contends that the court erred by failing to find that any false testimony concerned a material matter. A statement is "material" if believing it "would tend to influence or affect the issue under determination." USSG § 3C1.1, comment. (n.6). At a sentencing hearing, the "issue under determination" is not limited to the offense of conviction, but extends to matters relevant to determining a sentence under the guidelines and 18 U.S.C. § 3553(a). "[L]ying for the purpose of obtaining a lighter sentence constitutes obstruction of justice under section 3C1.1." *United States v. Flores*, 959 F.2d 83, 87 (8th Cir. 1992).

"[I]t is preferable for a district court to address each element of the alleged perjury in a separate and clear finding." *Dunnigan*, 507 U.S. at 95. Even where the record does not include separate and clear findings, it is sufficient if the court makes a finding of obstruction that "encompasses all of the factual predicates for a finding of perjury." *Id*. A record is more problematic where, as here, a district court does not mention one of the elements—in this case, materiality. In that situation, however, we have affirmed findings of obstruction of justice where a finding of materiality is strongly supported by the record, and the path of the district court's reasoning is evident. *E.g.*, *United States v. Nshanian*, 821 F.3d 1013, 1019 (8th Cir. 2016).

In this case, the record strongly supports a finding of materiality, so we conclude that a remand is unnecessary. Although whether an assault occurred ultimately made no difference on the government's motion for an upward departure under USSG § 5K2.21, the disputed conduct was relevant to the prosecution's alternative request for an upward variance under 18 U.S.C. § 3553(a). The court sentenced Montano above the advisory range, primarily because of "the danger the defendant poses to the community, *the fact that his domestic assault . . . was not something that fit within the guidelines and was outside the guidelines*, and that his

assault in the jail is also violent conduct not reflected" in the guideline range. R. Doc. 83, at 178 (emphasis added). The court properly considered the assaultive conduct even though the government could not prosecute the assault as a crime in federal court. *See* 18 U.S.C. § 3661; *Williams v. New York*, 337 U.S. 241, 246 (1949). Therefore, whether Montano assaulted and attacked Thongbai was plainly material to the court's sentencing determination under § 3553(a).

## B.

Montano next contends that the district court clearly erred by denying him a three-level decrease for acceptance of responsibility under USSG § 3E1.1. He points out that he pleaded guilty, and that the probation office—without objection from the government—recommended the downward adjustment before the sentencing hearing.

The landscape changed, however, when Montano testified falsely at the sentencing hearing. Conduct resulting in an enhancement for obstruction of justice "ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct." *See* USSG § 3E1.1, comment. (n.4). Only in "extraordinary cases" should a defendant receive a downward adjustment for accepting responsibility after obstructing justice. *Id.; see United States v. Honken*, 184 F.3d 961, 968 (8th Cir. 1999). Given that Montano testified falsely at the hearing in an effort to avoid a longer sentence, the district court permissibly found that he had not demonstrated acceptance of responsibility.

## C.

Montano argues finally that the court imposed an unreasonable sentence because it gave undue weight to domestic abuse and allegedly infringed on his First Amendment rights by equating his "heterodox views on gender, family, and the division of labor in marriage" with a propensity for violence. A sentence is

unreasonable if the court "(1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; (3) or considers only the appropriate factors but in weighing those factors commits a clear error of judgment." *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (internal quotation omitted). The district court has wide latitude to weigh the relevant factors in fashioning an appropriate sentence. *See United States v. Townsend*, 617 F.3d 991, 994 (8th Cir. 2010) (per curiam).

The district court considered the § 3553(a) factors and specifically discussed Montano's education, history of mental illness and substance abuse, episodic employment history, and military service. Although Montano had a limited criminal history, the court determined that he was a dangerous person in light of his "long history of threatening behavior to others, and particularly to women." The court did not rely on Montano's views about marriage, but on evidence that he committed domestic violence. The court believed that a sentence above the advisory range was necessary to protect the public and to account for Montano's assaults on his wife and a fellow inmate. The court considered proper factors and reached a reasonable judgment.

\*    \*    \*

The judgment of the district court is affirmed.

_____