PER CURIAM.
Appellant Richard Ayala pleaded guilty to one count of possession of stolen firearms in violation of 18 U.S.C. §§ 922Q) and 924(a)(2), and two counts of being a domestic abuser in possession of firearms in violation of 18 U.S.C. §§ 922(g)(9) and 924(a)(2). The sentencing court[1] imposed a 97-month term of incarceration (8 years 1 month). Ayala appeals his sentence, raising four grounds for relief. We affirm.
Ayala first argues that the sentencing court erred in imposing an enhancement under U.S.S.G. § 2K2.1(b)(6). But this argument fails under United States v. Hedger, 354 F.3d 792, 794-95 (8th Cir.2004), where this court held that the defendant’s firearm possession offense was a different type of crime from the theft offense.
Ayala next argues that the court erred in enhancing his offense level under U.S.S.G. § 2K2.1(b)(l)(A). We review a court’s application of section 2K2.1 for clear error and conclude that Ayala has not shown the sentencing court clearly erred in finding that he possessed between three and five firearms. See United States v. Miller, 560 F.3d 751, 753 (8th Cir.2009).
Ayala also contends the sentencing court erred in denying his request for a downward variance under 18 U.S.C. § 3553(a). But we are satisfied that the court considered the parties’ arguments and had a reasoned basis for its sentence. See United States v. Starfield, 563 F.3d 673, 675 (8th Cir.2009) (citing Rita v. United States, 551 U.S. 338, 356, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007)).
Finally, Ayala challenges the sentencing court’s denial of a reduction for acceptance of responsibility under U.S.S.G. § 3El.l(a). “Whether the defendant accepted responsibility is a factual question that depends largely on credibility assessments made by the sentencing court. This Court gives great deference to the district court’s denial of a request for a reduction for acceptance of responsibility and reviews the decision for clear error.” United States v. Long Soldier, 431 F.3d 1120, 1122-23 (8th Cir.2005) (citation omitted). A defendant bears the burden of establishing entitlement to a reduction for acceptance of responsibility. Peters v. United States, 464 F.3d 811, 812 (8th Cir.2006). Here, the probation office recommended that Ayala receive the reduction, but the government opposed the reduction. The sentencing court acknowledged that Ayala pleaded guilty, which favored applying the reduction, but the court found that Ayala “shade[d]” the truth with respect to the theft and quantity of firearms, and minimized his role in the offense. Although some judges may have granted the reduction and others may have denied the reduction,[2] in these circumstances, the dis *1037 trict court did not clearly err by refusing to apply a reduction for acceptance of responsibility.
The judgment of the district court is affirmed.

. The Honorable Linda R. Reade, Chief Judge, United States District Judge for the Northern District of Iowa.

. The government cites Long Soldier, 431 F.3d at 1122; United States v. Yell, 18 F.3d 581 (8th Cir. 1994); United States v. Erhart, 415 F.3d 965 (8th Cir.2005); United States v. Little Hawk, 449 F.3d 837 (8th Cir.2006); United States v. Skorniak, 59 F.3d 750 (8th Cir.1995); United States v. Ortiz-Monroy, 332 F.3d 525 (8lh Cir.2003); and United States v. Ngo, 132 F.3d 1231 (8th Cir. 1997).