ARNOLD, Circuit Judge.
After Hugo Galaviz pleaded guilty to distributing methamphetamine, 21 U.S.C. *1043 § 841(a)(1), (b)(1), and being a felon in possession of a firearm, 18 U.S.C. §§ 922(g)(1), 924(a)(2), the district court sentenced him to 151 months’ imprisonment. Mr. Galaviz appeals his sentence, raising as his sole issue the propriety of the district court’s enhancement of his sentence for obstructing justice. See U.S.S.G. § 3C1.1. We reverse.
As relevant here, § 3C1.1 provides that a defendant’s offense level should be enhanced two levels if he “willfully ... attempted to obstruct ... the administration of justice with respect to ... the sentencing of the instant offense of conviction.” The district court found on a sufficient record that while in prison, after pleading guilty, Mr. Galaviz engaged in a conspiracy to murder Ubeldo Lopez-Gonzalez, who was a confidential informant in the case. The district court also found, again on a sufficient record, that Mr. Galaviz’s motive for entering the conspiracy was to retaliate against Mr. Lopez for his cooperation with the government. But because Mr. Galaviz had already pleaded guilty, he could not have intended to obstruct justice “with respect to the instant offense” by plotting to kill Mr. Lopez unless he thought that Mr. Lopez was going to testify against him at sentencing, and that indeed was the government’s theory in the first brief that it filed in this court. The infirmity of this position is that the record will not support a finding that Mr. Galaviz had reason to think that Mr. Lopez would be a witness against him at sentencing.
The dissent suggests that we are intimating that “a probability that the government could call the confidential informant at a sentencing hearing is insufficient to establish” an enhancement for obstruction of justice if the defendant conspires to kill the confidential informant. On the contrary, though that case is not before us, a probability that a witness would be called at sentencing might well support an inference that a defendant’s effort to have the probable witness killed was motivated by a desire to eliminate the witness’s testimony. But the record in this case does not support the premise that it was probable that Mr. Lopez would testify at the time Mr. Galaviz entered into the conspiracy to kill him or during the time when Mr. Galaviz was involved in the conspiracy. Any inference that such a premise might support must therefore fail. The district court, moreover, never found that the premise existed, partly because the government never asked it to do so.
In a supplemental submission, the government changes its argument and now for the first time maintains that a general retaliatory motive that relates to the offense of conviction is sufficient to trigger the enhancement. The difficulty with this contention is that, as relevant here, the guideline specifically requires a willful attempt to obstruct the sentencing process for it to be applicable. The government draws our attention to United States v. Wahlstrom, 588 F.3d 538, 542-46 (8th Cir. 2009), which involved a defendant’s threat to kill the wife of the AUSA who was prosecuting his case. But that case is different from ours, because a defendant’s threat to a prosecutor or his family could well affect or hinder the prosecution of the defendant’s case, or, at least, a defendant might think so. Here, there is no evidence that retaliation would impede the progress of Mr. Galaviz’s case in any way, or that he could have thought that it would.
Mr. Galaviz can of course be prosecuted by a proper authority for plotting to kill Mr. Lopez. But the sentencing enhancement does not apply because there is no showing that the plot was intended to obstruct justice on the instant offense of conviction.
*1044 We therefore reverse the sentence and remand for further proceedings.