United States Court of Appeals

For the Eighth Circuit

_____

No. 13-1052
_____

United States of America

*Plaintiff - Appellee*

v.

Hugo Galaviz, also known as Big Happy

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of Nebraska - Lincoln
_____

Submitted: September 23, 2013
Filed: October 1, 2013
[Unpublished]
_____

Before WOLLMAN, BEAM, and SMITH, Circuit Judges.
_____

PER CURIAM.

        In a prior opinion in this matter, we reversed the district court's application of
the obstruction of justice sentencing enhancement to defendant Hugo Galaviz. See
United States v. Galaviz, 687 F.3d 1042, 1043 (8th Cir. 2012). We concluded that the
obstruction of justice enhancement did not apply because Galaviz had already pleaded
guilty, and although the record established that he had conspired to kill a confidential

informant while in prison, nothing in the record suggested that Galaviz intended to kill the informant for the purposes of impeding the progress of the case against Galaviz. Id. We thus remanded for further proceedings. Id. at 1044. On remand, the district court[1] resentenced Galaviz, removing the enhancement, but the court refused to grant Galaviz an acceptance of responsibility reduction, given his role in the murder conspiracy.

In the present appeal, Galaviz argues that the district court exceeded the scope of remand by failing to apply the acceptance of responsibility reduction at resentencing.[2] According to Galaviz, because the district court's sole basis for denying the reduction at original sentencing was based upon application of the obstruction of justice enhancement, once we reversed the court's application of the enhancement, the district court did not have remand authority "to construe the conduct supporting the erroneous application of the obstruction of justice enhancement in such a manner as to now deny acceptance of responsibility." We think the opposite is true. In the past, we have explicitly directed a district court to reconsider the acceptance of

---

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

[2]The government contends that Galaviz has waived this issue because (1) he did not raise the acceptance of responsibility issue in his first appeal, and (2) he did not raise the scope of remand issue during resentencing. Whatever the merits of the government's position, we nonetheless choose to address the issue Galaviz raises on appeal as it is easily resolvable and the procedural issues present a potential for complexity. See United States v. Stuckey, 255 F.3d 528, 529 n.3 (8th Cir. 2001) (choosing to address merits instead of waiver issue). In the same vein, we conclude that Galaviz cannot prevail under any standard of review that potentially applies to this case. See United States v. Martin, 714 F.3d 1081, 1084 (8th Cir. 2013) (issues not raised before district court reviewed for plain error); United States v. Godsey, 690 F.3d 906, 911 (8th Cir. 2012) ("We review the district court's interpretation of the guidelines de novo and its factual findings underlying a denial of an acceptance of responsibility adjustment for clear error.").

responsibility adjustment after we reversed its obstruction of justice determination. United States v. Peters, 394 F.3d 1103, 1108 (8th Cir. 2005). Here, although our prior opinion did not explicitly direct the district court to reconsider its previous acceptance of responsibility determination, we conclude this was necessarily within the district court's remand authority given the close interaction between the Guidelines at issue.[3] See United States v. Castellanos, 608 F.3d 1010, 1017 (8th Cir. 2010) ("[L]ower courts are free to decide new issues left open on remand."). And, too, contrary to Galaviz's contention, our prior opinion only determined the peripherally related obstruction of justice enhancement issue and said nothing about an acceptance of responsibility reduction, much less inferentially resolved it in his favor. Therefore, we conclude the district court did not err in considering and denying Galaviz an acceptance of responsibility reduction at resentencing.

        We affirm.

_____

[3]The application notes to the acceptance of responsibility adjustment indicate that a defendant who exhibits conduct resulting in an obstruction of justice enhancement ordinarily "has not accepted responsibility for his criminal conduct." U.S.S.G. § 3E1.1 cmt. n.4.