# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-2197

_____

United States of America

*Plaintiff - Appellee*

v.

Nicholas Gilbert Beattie

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: January 18, 2019
Filed: April 1, 2019

_____

Before GRUENDER, WOLLMAN, and SHEPHERD, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Nicholas Gilbert Beattie pleaded guilty to receiving visual depictions of minors engaging in sexually explicit conduct in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1). The district court[1] sentenced him to 190 months' imprisonment, to be

---

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

followed by 240 months' supervised release. Beattie appeals, arguing that the government breached the plea agreement and asking that we vacate his sentence and remand for resentencing by a different judge. Beattie further argues that the district court erred in applying a 2-level increase for obstruction of justice pursuant to § 3C1.1 of the U.S. Sentencing Guidelines (U.S.S.G. or Guidelines) and that the court erred in failing to credit Beattie with acceptance of responsibility under U.S.S.G. § 3E1.1.

In an online chat room in November 2015, Beattie, under the username "incestlvr87," posted a fifty-three-second video of an adult performing a sex act on an infant. A concerned citizen reported the video, and law enforcement officials traced the username to Beattie. The concerned citizen also reported that Beattie had tried to persuade her to start an incestuous family, that his prior marriage had ended in divorce because he desired to have an incestuous family, and that his ex-wife had found incest videos on his phone. Beattie also told the concerned citizen his first name, his phone number, and his place of employment.

Law enforcement officers executed a search warrant at Beattie's workplace and residence in December 2015. The officers found drugs and drug paraphernalia on Beattie's bed. Several electronic devices were seized from his home, but Beattie refused to unlock his cell phone upon the officers' request. Beattie was then taken into custody on an unrelated warrant. Law enforcement obtained a second search warrant to compel Beattie to provide the passcode to a seized iPhone and iPad, in response to which Beattie provided incorrect passcodes.

Twenty images and thirty-one videos of child pornography were found on certain electronic devices that were not passcode-protected. The child pornography displayed prepubescent minors engaging in masturbation, oral and vaginal sex, and

bestiality. Beattie had also carried out a number of searches and downloads for incest pornography and bestiality.

Beattie pleaded guilty in October 2017. The plea agreement was subsequently accepted by the district court and provided in part that:

> The Government agrees to recommend that Defendant receive credit for acceptance of responsibility under USSG § 3E1.1. The Government reserves the right to oppose a reduction under § 3El.1 if after the plea proceeding Defendant obstructs justice, fails to cooperate fully and truthfully with the United States Probation Office, attempts to withdraw Defendant's plea, or otherwise engages in conduct not consistent with acceptance of responsibility.

The plea agreement was silent on the government's obligation regarding an obstruction of justice enhancement under § 3C1.1. Following the plea proceeding, the government advised the probation office of its belief that Beattie's Guidelines range was 151-188 months.

The draft presentence report (PSR) determined that Beattie's base offense level was 22. It applied a 2-level increase for obstruction of justice based on Beattie's failure to disclose correct passcodes, along with several other enhancements not at issue on appeal, and determined that Beattie's total offense level was 39. The PSR did not apply any reduction for acceptance of responsibility. With a criminal history category of I, the Guidelines sentencing range was 262 to 327 months' imprisonment, with a statutory maximum sentence of 240 months' imprisonment. The government objected to the PSR's denial of acceptance of responsibility on December 27, 2017, but remained silent on the obstruction of justice enhancement. The government stated that it "adheres to its agreement to recommend a 3-level reduction for acceptance of responsibility" but added that "[t]he court will have to determine whether the defendant's refusal to comply with a state warrant to provide access to his phone is

-3-

sufficient obstruction of justice to merit denial of acceptance of responsibility." Beattie objected to the PSR recommendations as well, challenging the application of the obstruction of justice enhancement and the denial of the acceptance of responsibility reduction.

The government argued in its sentencing brief that the increase for obstruction of justice was warranted based on Beattie's failure to furnish the passcodes in December 2015. In response, Beattie filed his first motion to compel specific performance of the plea agreement, arguing that the government had breached the agreement by requesting an obstruction of justice enhancement for conduct that occurred prior to the plea proceeding. The government then asserted that although it still adhered "to its general obligation in the Plea Agreement to ask the court to give [Beattie] credit for accepting responsibility," Beattie had engaged in post-plea conduct that called into question his acceptance of responsibility. Specifically, that Beattie had offered expert reports wherein he claimed that he did not remember collecting child pornography. The district court denied Beattie's first motion to compel because the plea agreement did not prohibit the government from advocating for an obstruction of justice enhancement.

In response to the government's reply to his first motion, Beattie filed a second motion to compel, arguing that the government had breached the plea agreement by indicating that Beattie's statements in the expert reports might warrant a denial of an acceptance of responsibility reduction, even though it ultimately recommended acceptance of responsibility. The district court denied Beattie's second motion to compel, stating at the sentencing hearing that "[h]ere, the Government, in its response to the original motion for a specific performance, highlighted aspects of the defenses's case that gave it pause, and yet it continued to recommend acceptance of responsibility."

A probation officer found a powered-on iPhone at Beattie's residence during a routine visit on May 3, 2018. The conditions of Beattie's pretrial release prohibited him from possessing internet-capable devices. Beattie told the probation officer that the iPhone was his fiancée's. The probation officer tried to call Beattie's fiancée, whereupon Beattie confessed that the iPhone was his and that he had found it while packing for his anticipated term of imprisonment. Beattie provided the officer with an unworkable passcode, which prevented the officer from checking its contents. Beattie's father later claimed that the iPhone had been in his possession. Beattie then equivocally claimed that his father had given the iPhone to him and that he may have tried to access it. Beattie's pretrial release was then revoked based on his possession of the iPhone.

During the May 16, 2018, sentencing hearing, the government argued that Beattie should be denied an acceptance of responsibility reduction. The court concluded that Beattie's conduct was inconsistent with acceptance of responsibility and denied the reduction. The district court also concluded that Beattie had obstructed justice. The district court varied downward from the 240-month statutory maximum sentence and imposed a 190-month sentence "to account for [Beattie's] positive aspects in his history and characteristics that are not otherwise accounted for in the guideline[s, and] the brevity of the criminal conduct as highlighted by the defense."

I.

We review *de novo* questions regarding the interpretation and enforcement of plea agreements. United States v. Mosley, 505 F.3d 804, 808 (8th Cir. 2007). "Where a plea agreement has been accepted by the court, we generally interpret the meaning of the terms in the agreement according to basic principles of contract law." Id. If we conclude that the government has breached the plea agreement, the case

should be remanded to a different judge for resentencing.  Id. at 812 (citing Santobello v. New York, 404 U.S. 257, 263 (1971)).[2]

Beattie contends that the government first breached the plea agreement in its December 27, 2017, objections to the PSR.  Specifically, the government recommended a reduction for acceptance of responsibility but stated that it was ultimately for the court to decide whether Beattie's pre-plea conduct would "merit denial of acceptance of responsibility."  Beattie contends that the government's conduct here is similar to that in United States v. Thompson, 403 F.3d 1037, 1040-41 (8th Cir. 2005), wherein we concluded that the government had breached the plea agreement by arguing that the factual stipulations surrounding the defendant's conduct supported the applicability of U.S.S.G. § 2K2.1(c)(1) because of a felony assault, which the government had promised not to argue.  Specifically, the prosecutor stated that the facts the defendant admitted "in and of themselves establish felonious assault."  Id. at 1038.  But unlike Thompson, the government here did not argue that the facts surrounding Beattie's pre-plea conduct *ipso facto* established a denial of acceptance of responsibility.  Instead, the government merely noted that the court would ultimately determine whether the facts supported a denial of a reduction for acceptance of responsibility, a declaration that fell short of a breach of the plea agreement.

_____

[2]The district court indicated at sentencing that it would have imposed the same sentence regardless of whether it had granted a reduction for acceptance of responsibility or an adjustment for obstruction of justice.  In light of our holding that no breach occurred, we need not consider whether our precedent precluding the application of harmless error analysis in breach cases should be reconsidered by the court en banc.  See Mosley, 505 F.3d at 810, 811-12.

-6-

Beattie next argues that the government breached the plea agreement when it argued for an obstruction of justice enhancement in its sentencing brief. He claims that such conduct amounted to a *de facto* argument against an acceptance of responsibility reduction. The government explained, however, that Beattie's situation was one of the extraordinary cases in which adjustments under both § 3C1.1 and § 3E1.1 may apply. See United States v. McDonald, 826 F.3d 1066, 1072 (8th Cir. 2016) (per curiam) ("Absent extraordinary circumstances, obstruction of justice 'ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct.'" (quoting U.S.S.G. § 3E1.1 cmt. n.4)). We conclude that the government's argument in favor of an obstruction of justice enhancement was not synonymous with an argument against an acceptance of responsibility reduction.

United States v. St. Pierre, 912 F.3d 1137 (8th Cir. 2019), is instructive. In that case, the defendant's plea agreement did not mention an obstruction of justice enhancement under § 3C1.1 but did recommend a reduction under § 3E1.1. Id. at 1141-42. The PSR applied an obstruction of justice enhancement and included an addendum defending its application. Id. at 1142. The government adopted the PSR addendum but asked that the court nonetheless grant a reduction for timely acceptance of responsibility. Id. We held that the government had not breached the plea agreement, because it had fulfilled its promise to recommend the agreed-upon Guidelines range set out in the plea agreement. Id. at 1143. Here, the plea agreement also does not mention § 3C1.1, and the government thus did not breach the plea agreement by arguing for an obstruction of justice enhancement for Beattie's pre-plea conduct, while at the same time adhering to its recommendation for an acceptance of responsibility reduction under § 3E1.1. See United States v. Has No Horses, 261 F.3d 744, 750-51 (8th Cir. 2001) (noting that the government may argue for an obstruction of justice enhancement without necessarily breaching a plea agreement duty to recommend an acceptance of responsibility reduction).

Beattie also argues that, in its response his first motion to compel, the government breached the plea agreement when it suggested that Beattie's comments in the expert reports came "dangerously close" to abrogating the government's duty to recommend acceptance of responsibility, pointing to Beattie's attempts to minimize his criminal conduct by blaming his behavior on his methamphetamine use and stating that he did not remember committing the offense. Notwithstanding this statement, the government continued by "afford[ing Beattie] the benefit of the doubt and adher[ing] to its general obligation . . . to ask the court to give him credit for accepting responsibility." We thus conclude that the government did not breach the plea agreement when it pointed out its right to argue against an acceptance of responsibility reduction for Beattie's post-plea conduct but chose not to assert that right.

Nor did the government breach the plea agreement when it argued against acceptance of responsibility following revocation of Beattie's pretrial release. Beattie's evasive conduct during the probation officer's home visit was sufficient to trigger the exception to the government's duty to argue for an acceptance of responsibility reduction, because Beattie had "fail[ed] to cooperate fully and truthfully with the United States Probation Office."

II.

Beattie next contends that the court erred when it applied a 2-level increase for obstruction of justice under § 3C1.1. We review a district court's interpretation and application of the Guidelines *de novo* and its factual findings for clear error. United States v. Bates, 584 F.3d 1105, 1108 (8th Cir. 2009). "We give great deference to a district court's decision to impose an obstruction of justice enhancement, reversing only when the district court's findings are insufficient." United States v. Cunningham, 593 F.3d 726, 730 (8th Cir. 2010). Section 3C1.1 of the Guidelines

provides that a violation requires proof that the defendant (1) "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction"; and (2) that "the obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct; or (B) a closely related offense." Such obstruction may include "providing materially false information to a probation officer in respect to a presentence or other investigation for the court." U.S.S.G. § 3C1.1 cmt. n.4(H).

The district court found that Beattie first obstructed justice when, in response to a warrant, he provided incorrect passcodes to his iPhone and iPad in December 2015. Beattie contends that the furnishing of passcodes was testimonial and that he was asserting his Fifth Amendment privilege against compelled self-incrimination. But the court did not clearly err when it found that, in light of his similar post-plea conduct, Beattie was not honestly unable to recall the passcodes. United States v. Lange, 918 F.2d 707, 709 (8th Cir. 1990) ("There is no constitutional right to lie."). Furthermore, Beattie's failure to provide correct passcodes impeded the investigation into his possession of child pornography. The district court thus did not err in determining that Beattie's December 2015 conduct obstructed justice and warranted an increase under the Guidelines.

The court also concluded that Beattie obstructed justice by lying to the probation officer about the iPhone that he possessed in violation of the conditions of his pretrial release. Beattie argues that his lie was not related to the instant offense of his conviction, as in United States v. Galaviz, 687 F.3d 1042, 1043 (8th Cir. 2012), wherein the defendant, after he had pleaded guilty, conspired to murder a confidential informant from his case. We concluded that the defendant "could not have intended to obstruct justice 'with respect to the instant offense' by plotting to kill [the informant] unless he thought that [the informant] was going to testify against him at sentencing." Id. Here, in contrast, the probation officer's findings regarding the iPhone could have

been used against Beattie during sentencing. We conclude that by providing false information about possessing a device with internet capability—conduct he knew was forbidden—Beattie committed a willful obstruction of the administration of justice related to his sentencing. See United States v. St. James, 38 F.3d 987, 988 (8th Cir. 1994) (concluding that defendant's materially false statements to a pretrial services officer investigating the defendant's pretrial release warranted an obstruction of justice enhancement).

Beattie also argues that his false statement to the probation officer was not material. He cites United States v. Yell, 18 F.3d 581, 583 (8th Cir. 1994), in which we concluded that the defendant's false statement to a probation officer was not material and did not merit an obstruction of justice enhancement under § 3C1.1. But in Yell, the defendant first was truthful about the information, then he briefly lied to the probation officer, then subsequently corrected the inconsistency. Id. Here, Beattie lied initially about the iPhone's owner and subsequently told multiple different stories about the phone. Beattie's false statement was thus material and warranted an obstruction of justice enhancement.

III.

Beattie contends that the district court also erred when it denied him a reduction for acceptance of responsibility. "Whether the defendant accepted responsibility is a factual question that depends largely on credibility assessments made by the sentencing court. This Court gives great deference to the district court's denial of a request for a reduction for acceptance of responsibility and reviews the decision for clear error." United States v. Vega, 676 F.3d 708, 723 (8th Cir. 2012) (quoting United States v. Ayala, 610 F.3d 1035, 1036 (8th Cir. 2010) (per curiam)).

-10-

In denying an acceptance of responsibility reduction, the district court pointed to the false information Beattie furnished to his probation officer. As explained above, conduct amounting to an obstruction of justice ordinarily signals that a defendant has not accepted responsibility, absent extraordinary circumstances. McDonald, 826 F.3d at 1072. We conclude that this case does not present the extraordinary circumstance needed for both an acceptance of responsibility reduction and an enhancement for obstruction of justice. In addition to his false statements, Beattie minimized his conduct by placing blame on his methamphetamine use and claiming that he could not remember collecting child pornography, conduct which is inconsistent with acceptance of responsibility. See United States v. Zeaiter, 891 F.3d 1114, 1123-24 (8th Cir. 2018); see also United States v. Johnson, 22 F. App'x 646, 646-47 (8th Cir. 2001) (unpublished) (affirming the denial of an acceptance of responsibility reduction in a child pornography case "because [the defendant] continued to minimize his acts and describe them in a way that was both unbelievable and very self-serving" and "people with [the defendant's] sexual tendencies typically minimize their behavior").

The judgment is affirmed.

GRUENDER, Circuit Judge, dissenting.

I would hold that the Government breached the plea agreement on December 27, 2017 when it invited the district court to consider denying Beattie a reduction for acceptance of responsibility on the basis of his alleged pre-plea obstruction of justice. Accordingly, I would vacate his sentence and remand for resentencing before a different judge. *See United States v. Mosley*, 505 F.3d 804, 809-12 (8th Cir. 2007).

While "[c]ontract principles often provide a useful means by which to . . . ensure the defendant what is reasonably due to him in the circumstances," a plea

agreement "is not simply a contract between two parties." *United States v. Norris*, 486 F.3d 1045, 1048 (8th Cir. 2007). "Plea agreements are an essential component of the administration of justice, and fairness is presupposed in securing such agreements." *United States v. Mitchell*, 136 F.3d 1192, 1194 (8th Cir. 1998) (internal quotation marks omitted). Thus, technical adherence by the Government to promises it makes in plea agreements is not enough. *Id.* The Government must also uphold the "spirit" of those promises. *Id.*; *see also United States v. Vennes*, 103 F. Supp. 3d 979, 992 (D. Minn. 2015) (noting that the Government "cannot take steps amounting to an end run around the [plea] agreement").

Here, the Government promised to recommend that Beattie "receive credit for acceptance of responsibility under USSG § 3E1.1." The Government reserved the right to oppose such a reduction only if "after the plea proceeding Defendant obstructs justice, fails to cooperate fully and truthfully with the United States Probation Office, attempts to withdraw Defendant's plea, or otherwise engages in conduct not consistent with acceptance of responsibility." On December 27, 2017, the Government purported to adhere to its promise by recommending a reduction for acceptance of responsibility but then added that "[t]he court will have to determine whether the defendant's refusal to comply with a state warrant to provide access to his phone is sufficient obstruction of justice to merit denial of acceptance of responsibility."

This statement involved more than "merely not[ing] that the court would ultimately determine whether the facts supported a denial of a reduction for acceptance of responsibility." *Ante*, at 6. Rather, the Government affirmatively directed the district court to consider specific facts that undermined the Government's promise to recommend the acceptance of responsibility reduction. Specifically, the Government's statement implied that Beattie's alleged refusal to comply with a warrant for access to his phone could be a "sufficient obstruction of justice to merit

denial of acceptance of responsibility." But Beattie's alleged refusal to comply with the warrant for access to his phone occurred *before* the plea proceedings. And the plea agreement only gave the Government the right not to recommend a reduction for acceptance of responsibility on the basis of an obstruction of justice if that obstruction occurred *after* the plea proceeding. Thus, while the Government purported to recommend a reduction for acceptance of responsibility, it nonetheless invited the district court to deny a reduction on the basis of an alleged pre-plea obstructive act. I would hold that this was, at the very least, a violation of the "spirit" of the plea agreement. *See Mitchell*, 136 F.3d at 1194.

Accordingly, I would vacate Beattie's sentence and remand for resentencing before a different judge. This is the proper remedy regardless of whether the Government was subsequently entitled to oppose a reduction for acceptance of responsibility on the basis of Beattie's post-plea conduct. *See Mosley*, 505 F.3d at 810 (holding that "the government's breach of the plea agreement is not subject to traditional harmless-error analysis").

———————————————