# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-3077
_____

United States of America

*Plaintiff - Appellee*

v.

Randall Dewayne Crockett, also known as Chip, also known as C-Rip, also known as Randall Dawayne Crockett

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines
_____

Submitted: April 14, 2020
Filed: September 3, 2020
[Unpublished]
_____

Before KELLY, WOLLMAN, and STRAS, Circuit Judges.
_____

PER CURIAM.

Randall Crockett, who pleaded guilty to conspiring to distribute methamphetamine, 18 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846, received a sentence of 400 months in prison. His main argument is that he should not have received an

obstruction-of-justice enhancement. *See* U.S.S.G. § 3C1.1. We agree, so we vacate and remand for resentencing.

This case has an odd procedural history. The presentence investigation report recommended a range of 360 months to life imprisonment based on an offense level of 39. But then, on its own initiative, the district court imposed a two-level enhancement for obstruction of justice because Crockett had tried to hire someone to kill an informant. *See id.* § 3C1.1 cmt. n.4(A); *see also United States v. Willis*, 997 F.2d 407, 416–17 (8th Cir. 1993) (allowing a district court to impose an obstruction-of-justice enhancement when the facts supporting it were in the record and the defendant had an opportunity to object). The enhancement increased the recommended "range" to life imprisonment.

Crockett now opposes the enhancement on the ground that there was no evidence that his murder-for-hire scheme had anything to do with "the investigation, prosecution, or sentencing of" his drug-conspiracy offense. *Id.* § 3C1.1; *see United States v. Galaviz*, 687 F.3d 1042, 1043 (8th Cir. 2012) (discussing the requirements for imposing the enhancement under similar circumstances). He never raised this objection below, so our review is for plain error, *see United States v. Thompson*, 770 F.3d 689, 694 (8th Cir. 2014), which means that relief is available only if (1) there was an error; (2) it was plain; and (3) it affected his substantial rights. *United States v. Pirani*, 406 F.3d 543, 550 (8th Cir. 2005) (en banc) (quoting *Johnson v. United States*, 520 U.S. 461, 466–67 (1997)). Even then, we may exercise our discretion to correct the error only if it "seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings." *Id.* (quoting *Johnson*, 520 U.S. at 467).

Although there is little question that trying to kill an informant can be a reason to give an obstruction-of-justice enhancement, it is not automatic. *See Galaviz*, 687 F.3d at 1043. Crockett must have "thought that [the informant] was going to testify against him at sentencing." *Id.* Neither the presentence investigation report nor the government's evidence addressed this point. Without anything in the record on it,

the district court plainly erred when it imposed the enhancement. *See id.*; *see also United States v. Lachowski*, 405 F.3d 696, 698 (8th Cir. 2005) (explaining that an error is plain when it "contraven[es] . . . controlling circuit precedent").

The closer questions are whether the error impacted Crockett's "substantial rights" and "seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings." *Pirani*, 406 F.3d at 550 (quoting *Johnson*, 520 U.S. at 467). We conclude that it did because it led to "an incorrect Guidelines range": life imprisonment, rather than 360 months to life imprisonment. *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1345 (2016); *see id.* at 1345–47. Applying an incorrect range "can, and most often will," be enough to satisfy these requirements, "[e]ven if the sentencing judge [saw] a reason to vary." *Id.* (explaining how to evaluate "substantial rights" in the sentencing context); *see also Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1911 (2018) ("In the ordinary case, . . . the failure to correct a plain Guidelines error that affects a defendant's substantial rights will seriously affect the fairness, integrity, and public reputation of judicial proceedings.").

To be sure, as the government points out, the district court was not as clear as it could have been in explaining Crockett's 400-month sentence. *See Molina-Martinez*, 136 S. Ct. at 1347. Just before announcing the sentence, for example, it stated "that the guideline sentencing system adequately addresse[d] the circumstances . . . and that the range [was] reasonable." This statement arguably suggests that the district court used the *non*-enhanced range to impose a sentence between 360 months and life imprisonment.

In context, however, we are convinced that the government has identified just a "simpl[e] miss[tatement]." *United States v. Buck*, 661 F.3d 364, 374 (8th Cir. 2011). After all, just moments earlier, the district court had announced the obstruction-of-justice enhancement. And were there any lingering doubt from the sentencing transcript, the written judgment eliminates it by making clear that the

court started with the "incorrect Guidelines range" of life imprisonment, and then varied downward from there.[1]  *Molina-Martinez*, 136 S. Ct. at 1345; *see Rosales-Mireles*, 138 S. Ct. at 1911.

We accordingly vacate Crockett's sentence and remand for resentencing.

_____

---

[1]Crockett also challenges the substantive reasonableness of the sentence. Given that his sentence may differ on remand, however, it is premature to address the reasonableness of a sentence that he has yet to receive.  *See United States v. Robinson*, 639 F.3d 489, 498 n.4 (8th Cir. 2011).