# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-3483
_____

United States of America

*Plaintiff - Appellee*

v.

Robert Joe Hennings

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Central
_____

Submitted: October 18, 2021
Filed: January 21, 2022
[Published]
_____

Before SMITH, Chief Judge, WOLLMAN and LOKEN, Circuit Judges.
_____

PER CURIAM.

After Dropbox reported that a customer was using its services to store child pornography, law enforcement officers traced the account to Robert Joe Hennings in Des Moines, Iowa. The Dropbox account stored 2,380 images and 6,215 videos of child pornography, which Hennings had organized into folders and subfolders. Dropbox reported that 23 files had been shared from Hennings's account. A search

of his BlackBerry and SD card revealed an additional 45 images and 1,104 videos of child pornography. Hennings pleaded guilty to one count of receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2) and (b)(1).

At sentencing, the district court[1] concluded that Hennings's base offense level was 22 under U.S. Sentencing Guidelines (Guidelines or U.S.S.G.) § 2G2.2(a)(2). Over Hennings's objection, the district court increased the offense level to 40 for specific offense characteristics, including the following: distribution in exchange for valuable consideration, U.S.S.G. § 2G2.2(b)(3)(B); material portraying sadistic or violent conduct or sexual abuse or exploitation of an infant or toddler, U.S.S.G. § 2G2.2(b)(4); and 600 or more images, U.S.S.G. § 2G2.2(b)(7)(D). The district court denied Hennings any reduction for acceptance of responsibility, U.S.S.G. § 3E1.1. With a criminal history category of I, Hennings's sentencing range was 292 to 365 months' imprisonment. Because the range exceeded the 20-year statutory maximum sentence, 18 U.S.C. § 2252(b)(1), 240 months' imprisonment became the Guidelines sentence, U.S.S.G. § 5G1.1(a), which was that which the district court imposed upon Hennings.

Hennings argues that the district court erred in applying the offense-level increases set forth above and in denying him an offense-level reduction for acceptance of responsibility. We review the district court's application of the Guidelines *de novo* and its factual findings for clear error. United States v. Zeaiter, 891 F.3d 1114, 1121 (8th Cir. 2018).

Hennings argues that the district court erred in considering the Dropbox files when it calculated his offense level. He contends that his Dropbox account stored only URLs and hyperlinks, which he described as "groups of letters, numbers, and

_____

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

characters that, when plugged into the Internet, could lead to questionable content." Def.'s Sentencing Mem. 2. The district court did not rely upon URLs or hyperlinks in determining Hennings's offense level, however. The government submitted an affidavit of the case agent who had personally reviewed the contents of the Dropbox account. The affidavit explained that the account stored "approximately 136 Gigabytes of content," including thousands of images and videos of child pornography, which "were not 'URLs', but actual files." The district court thus did not clearly err in finding that Hennings's Dropbox account stored "actual images and videos," not just URLs or hyperlinks.[2]

Hennings next argues that the district court erred in applying the five-level enhancement for "distribut[ion] in exchange for any valuable consideration," U.S.S.G. § 2G2.2(b)(3)(B). According to Hennings, he did not intend to receive child pornography or any valuable consideration when he shared material. The PSR set forth information from an October 2017 chat exchange over Kik messenger between Hennings and another user. Hennings told the user that he no longer shared links to child pornography, but that he would send "a short video or two here on K[ik]" in exchange for a photo of the user's chest or penis. After receiving a photo, Hennings promised to send child pornography and asked whether the user "prefer[red] junior high or under 7." Hennings thereafter sent the user child pornography. Because Hennings did not object to this information, the district court properly relied upon it to find that Hennings had distributed child pornography for the purpose of obtaining something valuable, *i.e.*, the photo of the user's chest or penis. See U.S.S.G. § 2G2.2

---

[2]We need not decide whether there is a meaningful legal distinction between actual images and videos as opposed to URLs and hyperlinks. See United States v. Rivenbark, 748 F. App'x 948, 954 (11th Cir. 2018) (per curiam) ("Although we need not address it here, crediting [defendant's] technical argument about the hyperlink versus actual pornography would permit individuals sharing child porn to avoid prosecution simply by using third-party virtual storage to remain one step removed from the illicit materials.").

cmt. n.1 (enhancement applies when "the defendant agreed to an exchange with another person under which the defendant knowingly distributed to that other person for the specific purpose of obtaining something of valuable consideration from that other person").

Hennings also argues that the district court erred in applying the four-level enhancement for material that portrays sadistic or violent conduct or "sexual abuse or exploitation of an infant or toddler," U.S.S.G. § 2G2.2(b)(4). Hennings contends that he merely "possessed a library of hyperlinks that, when followed, may have portrayed this type of material." Appellants Br. 14. Hennings's SD card stored images of prepubescent boys being anally raped. See United States v. Pappas, 715 F.3d 225, 228 (8th Cir. 2013) (images involving an adult male performing anal sex on a child are sadistic). Moreover, among the files Hennings downloaded to Dropbox was a video of an adult male rapist fondling, digitally penetrating, ejaculating and defecating on a one-year-old boy. As set forth above, the district court did not clearly err in finding that Hennings's Dropbox files were actual images and videos. We conclude that the court properly applied the enhancement.

We find to be entirely without merit Hennings's argument that the district court erred in applying the five-level enhancement for 600 or more images, U.S.S.G. § 2G2.2(b)(7)(D).

Finally, Hennings argues that the district court erred in denying him an offense-level reduction for acceptance of responsibility, U.S.S.G. § 3E1.1. "Whether the defendant accepted responsibility is a factual question that depends largely on credibility assessments made by the sentencing court. This Court gives great deference to the district court's denial of a request for a reduction for acceptance of responsibility and reviews the decision for clear error." United States v. Beattie, 919 F.3d 1110, 1117 (8th Cir. 2019) (quoting United States v. Vega, 676 F.3d 708, 723 (8th Cir. 2012)). In denying the reduction, the district court explained that Hennings

had falsely denied and tried to minimize relevant conduct. Despite clear evidence to the contrary, Hennings claimed that there were no videos or images of child pornography stored in his Dropbox account and that he had not distributed child pornography. He also denied certain sexual conduct that he previously had admitted. His frivolous factual objections and his attempts to minimize his conduct support the district court's finding that Hennings had not accepted responsibility. See United States v. Johnson, 22 F. App'x 646, 646 (8th Cir. 2001) (per curiam) (affirming the denial of an acceptance of responsibility reduction in a sexual exploitation of a minor case because the defendant "continued to minimize his acts and describe them in a way that was both unbelievable and very self-serving").

*******

The judgment is affirmed.

_____