# United States Court of Appeals

### For the Eighth Circuit

_____

No. 22-3478

_____

United States of America

*Plaintiff - Appellee*

v.

Kevin Cunningham

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: September 18, 2023
Filed: November 9, 2023
[Unpublished]

_____

Before SMITH, Chief Judge, ARNOLD and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Kevin Cunningham pled guilty to one count of conspiracy to possess fentanyl with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 846. When calculating the applicable United States Sentencing Guidelines, the district court applied an obstruction of justice enhancement pursuant to U.S.S.G. § 3C1.1. On

appeal, Cunningham challenges the district court's application of the enhancement. We vacate and remand for resentencing.

Prior to sentencing, the parties reached a plea agreement, which contemplated a base offense level of 24 with a 3-level reduction for acceptance of responsibility. The agreement was silent on a criminal history category but provided for a joint recommended sentence of the statutory minimum term of 60 months. The Presentence Investigation Report ("PSIR") recounted Cunningham's involvement in a murder-for-hire scheme and suggested the district court should apply an obstruction of justice enhancement when calculating Cunningham's Sentencing Guidelines range. According to the PSIR, Cunningham and two co-conspirators had attempted to organize "a hit" on an individual who owed Cunningham a drug debt that was unrelated to the offense of conviction. Cunningham objected, contending the conduct was unrelated to the offense of conviction.

At sentencing, the district court overruled Cunningham's objections, added 2 levels to his offense level, placed him in criminal history category I, and found the total offense level was 26, which resulted in an advisory Sentencing Guidelines range of 63 to 78 months. Pursuant to the parties' joint recommendation, the district court varied downward and sentenced Cunningham to a 60-month term of imprisonment to run consecutive to any sentence imposed in the murder-for-hire case.

We review the district court's application and interpretation of the Sentencing Guidelines *de novo* and its findings of fact for clear error. United States v. Angeles-Moctezuma, 927 F.3d 1033, 1036 (8th Cir. 2019). The obstruction of justice enhancement applies when a defendant: (1) willfully obstructed, impeded, or attempted to obstruct or impede the administration of justice with regard "to the investigation, prosecution, or sentencing of the instant offense of conviction, and (2) the obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct; or (B) a closely related offense[.]" U.S.S.G. § 3C1.1.

The PSIR stated that Cunningham obstructed justice when he "continued to engage in criminal conduct while on bond" and cited the indictment in the murder-for-hire case. The PSIR never attempted to connect the murder plot to the underlying fentanyl offense. Nothing in the PSIR explains how Cunningham's criminal conduct in the murder-for-hire scheme affected either the investigation, the prosecution, or was related to the instant offense of conviction. In fact, the PSIR specifically noted that Cunningham's pending murder-for-hire charge was "not relevant conduct to the instant offense." Nor did the government offer evidence tending to show a connection between the murder-for-hire offense and the offense of conviction.

Under these facts, the district court erred in applying the obstruction enhancement because nothing in the record demonstrated that Cunningham engaged in the murder-for-hire plot to interfere with the investigation, prosecution, or sentencing of his fentanyl charge, which is required under U.S.S.G. § 3C1.1. See United States v. Galaviz, 687 F.3d 1042, 1043 (8th Cir. 2012) (finding an obstruction enhancement does not apply against a defendant who conspired to murder an informant when the defendant was motivated by revenge, not by an intent to impede or interfere with any part of his criminal proceeding). Rather, the evidence procured in the murder-for-hire investigation established Cunningham was motivated by a desire to settle an unrelated drug debt.

"When a defendant is sentenced under an incorrect Sentencing Guidelines range—whether or not the defendant's ultimate sentence falls within the correct range—the error itself can, and most often will, be sufficient to show a reasonable probability of a different outcome absent the error." Molina-Martinez v. United States, 578 U.S. 189, 198 (2016). While the government contends the error is harmless because Cunningham received a 60-month sentence, which is both the statutory minimum sentence and the sentence contemplated by the plea agreement, both parties were silent initially on whether the sentence should be concurrent or consecutive to the pending murder-for-hire charge. After the district court imposed its sentence, Cunningham asked the court to reconsider and stay silent on whether the sentence should run consecutively or concurrently. While no agreement on the

-3-

issue existed in this case, Cunningham agreed to a concurrent sentence in his murder-for-hire case, which was prosecuted separately before another district court judge. A question remains as to whether the district court would have still imposed a consecutive sentence if the obstruction of justice enhancement had not been erroneously applied. Under these circumstances, Cunningham is entitled to be resentenced under a correctly calculated Sentencing Guidelines range. See, e.g., United States v. Mulverhill, 833 F.3d 925, 930-31 (8th Cir. 2016).

We vacate Cunningham's sentence and remand for resentencing.

_____